Diane (Cambern) **HAMBERG**,
Respondent,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

**No. C9–85–520.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Mark A. Hallberg, Hvass, Weisman & King, Minneapolis, for respondent.

Jeffrey A. Hanson, Dunlap, Keith, Finseth, Berndt & Sandberg, Rochester, for appellant.

Heard, considered and decided by RANDALL, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

State Farm appeals from an order denying its motion to vacate the arbitrators' award and ordering entry of judgment in accordance with the arbitration award. We affirm.

## FACTS

This case arises out of an automobile accident on September 8, 1980, in Mower County. Diane (Cambern) Hamberg was injured as a passenger in an automobile driven by Marvin Barrows, an uninsured motorist, when it struck a horse owned by Duane Hansen. At the time of the accident, Hamberg was insured for purposes of no-fault and uninsured motorist coverage under a policy issued by State Farm.

Hamberg commenced a declaratory judgment action against Barrows, the driver, and Hansen, the horse owner. The court determined that Barrows was uninsured at the time of the accident. Subsequently, in October 1982, Hamberg made a claim against State Farm for uninsured motorist benefits.

On February 10, 1983, Hamberg requested arbitration of her claim against State Farm for uninsured motorist benefits. During February and March 1983, Hamberg's attorney, Mark Hallberg, entered into settlement discussions with the horse owner's attorney, William Baudler. State Farm participated in the settlement discussions by authorizing Baudler to make a combined settlement proposal with the horse owner to Hamberg. Baudler was authorized by State Farm to offer $7,500 in exchange for the release of any claim against State Farm for uninsured motorist coverage. Sometime between March 16 and March 21, 1983, Baudler offered $40,000 on behalf of the horse owner to Hamberg on a *Pierringer* release. On or about March 21, 1983, Hallberg, Hamberg's attorney, informed State Farm, both by phone and by letter, of the settlement. Mr. Blindt of State Farm renewed the offer of $7,500 to settle the uninsured motorist claim. The $40,000 settlement with the horse owner was signed on April 6, 1983.

Hallberg subsequently wrote to State Farm demanding arbitration. Hallberg was informed by State Farm that there was no uninsured motorist coverage available because Hamberg had settled with the horse owner, Hansen, without State Farm's

consent and without notifying State Farm or obtaining their consent.

On November 15, 1983, Hamberg filed a motion to compel State Farm to arbitrate her uninsured motorist claim. On January 16, 1984, the court ordered arbitration to proceed and indicated that the coverage question should be decided by the arbitrators.

At the commencement of the hearing, State Farm brought a motion for summary judgment on the ground that Hamberg had settled with a third-party tortfeasor without State Farm's consent. The motion was taken under advisement, and later denied. The arbitrators found that Hamberg had sustained damages in the sum of $90,000, and that Barrows, the uninsured motorist, was 33⅓% negligent.

State Farm submitted a motion to vacate the arbitration award, contending that there was no uninsured motorist coverage for Hamberg because she settled with a third-party tortfeasor without notifying State Farm of the settlement and without State Farm's consent. The court denied State Farm's motion and ordered entry of judgment against State Farm in accordance with the arbitration award.

## ISSUES

1. Does an insured's *Pierringer* release settlement of her personal injury claim with an insured third-party tortfeasor, without insurer's written consent, preclude insured from making an uninsured motorist claim?

2. Was insured required to give notice to insurer of a proposed settlement with an insured tortfeasor?

## ANALYSIS

### I.

State Farm contends that Hamberg's settlement with the third-party tortfeasor precludes her from receiving uninsured motorist benefits because she violated the consent to settle provision contained in the policy. The provision provides:

There is no coverage under U [uninsured motorist coverage] * * *:

1. For any insured who, without our written consent, settles with any person or organization who may be liable for the bodily injury.

State Farm argues that the consent to settle provision does not in any way limit the insured's right to recover for injuries caused by an uninsured motorist, but merely seeks to prevent the insured from settling and releasing a contributing joint tortfeasor to the prejudice of State Farm's potential subrogation rights.

In *State Farm Mutual Automobile Insurance Co. v. Galloway*, 373 N.W.2d 301 (Minn.1985), the court held that an insurance policy provision, identical to the one in question here, was invalid because it imposed an impermissible condition on uninsured motorist coverage contrary to the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 64B.41–.71 (1984).

Minn.Stat. § 65B.49, subd. 4(1) (1982), states that uninsured motorist coverage is:

* * * [F]or the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of injury.

 An insured is entitled to receive the same benefits he would have received had the uninsured motorist been insured. *See Taylor v. Great Central Insurance Co.*, 305 Minn. 446, 448–49, 234 N.W.2d 590, 591 (1975); *Brunmeier v. Farmers Insurance Exchange*, 296 Minn. 328, 334, 208 N.W.2d 860, 864 (1973). Consent to settle provisions which restrict the insured's ability to settle with insured tortfeasors result in the insured having fewer rights than he would have had the uninsured motorist been insured, and are therefore invalid.

### II.

State Farm contends that Hamberg is not entitled to uninsured motorist coverage because she settled with a third-party tort-

feasor without first notifying State Farm of the settlement.

 In *Galloway,* the court declined to impose a notice requirement for *Pierringer* settlements with insured tortfeasors where no unfair advantage is taken of the insurer. In the present case, no unfair advantage was taken of State Farm, which had actual notice of the proposed settlement before the release was signed and which participated in the settlement discussions. State Farm's claim of lack of notice is therefore without merit.[1]

### DECISION

State Farm's policy provision denying uninsured motorist coverage to Hamberg because she settled with an insured third-party tortfeasor without State Farm's written consent is invalid. The insured was not required to give the insurer notice of the proposed settlement with the insured tortfeasor.

We affirm.

1. We repeat the supreme court's statement in *Galloway:*

> Having said this, we point out that this opinion does not deal with other types of settlements * * *. As a matter of prudence if not common courtesy, we would think, therefore, that claimants would want to keep their first-party insurance carrier apprised of settlement negotiations.

