**Wayne LINK and Kelly, Inc., a North Dakota corporation, Plaintiffs and Appellants,**

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Defendant and Appellee.**

**Civ. No. 11054.**

Supreme Court of North Dakota.

May 13, 1986.

---

Rauleigh D. Robinson, Bismarck, for plaintiffs and appellants.

Cahill, Jeffries & Maring, Moorhead, Minn., for defendant and appellee; argued by David S. Maring.

ERICKSTAD, Chief Justice.

Kelly, Inc., and Wayne Link [hereinafter collectively referred to as "Kelly"] appeal from a district court judgment dismissing their action against Federated Mutual Insurance Company [Federated]. We affirm.

Federated issued a "Special Multi-Peril Policy," including a "Special Building Form" and an "Implement Dealers Stock Floater Endorsement," to Kelly. The effective dates of the policy were April 1, 1983, through April 1, 1984. On February 18, 1984, cash in the amount of $7,777.61 was stolen from Kelly's business premises.

Kelly sought reimbursement for the lost cash under the Federated policy, and Federated denied coverage. Kelly commenced this action, alleging that the policy covered theft of cash from its business premises. The case was tried to the court. The trial court concluded that no coverage was afforded for Kelly's loss and dismissed the action.

The sole issue presented on appeal is whether the policy issued to Kelly afforded coverage for theft of cash from the business premises.

■■ Construction of a written contract of insurance is a question of law to be resolved by the court. *Carlson v. Doekson Gross, Inc.*, 372 N.W.2d 902, 904 (N.D. 1985); *Aid Insurance Services, Inc. v. Geiger*, 294 N.W.2d 411, 413 (N.D.1980). On appeal, we will independently examine and construe the pertinent policy provisions to determine whether the trial court erred

in its interpretation of the policy. *Carlson v. Doekson Gross, Inc., supra,* 372 N.W.2d at 904; *Aid Insurance Services, Inc. v. Geiger, supra,* 294 N.W.2d at 413.

Kelly contends that coverage for theft of money is provided under both the "Special Building Form" and the "Implement Dealers Stock Floater Endorsement." The relevant provisions of the "Special Building Form" provide:

"I.  PROPERTY COVERED

"BUILDING(S): Building(s) or structure(s) shall include attached additions and extensions; fixtures, machinery and equipment constituting a permanent part of and pertaining to the service of the building(s); materials and supplies intended for use in construction, alteration or repair of the building(s) or structure(s); yard fixtures; personal property of the insured used for the maintenance or service of the building(s), including fire extinguishing apparatus, outdoor furniture, floor coverings and appliances for refrigerating, ventilating, cooking, dishwashing and laundering (but not including other personal property in apartments or rooms furnished by the named insured as landlord); all while at the designated premises.

\*      \*      \*      \*      \*      \*

"VI.  EXCLUSIONS

*"This policy does not insure under this form against:*

\*      \*      \*      \*      \*      \*

"E.  Loss caused by:

\*      \*      \*      \*      \*      \*

"3. vandalism, malicious, mischief, theft or attempted theft, if the building had been vacant or unoccupied beyond a period of 30 consecutive days immediately preceding the loss, unless loss by a peril not excluded in this policy ensues, and then the Company shall be liable for only such ensuing loss; . . . ."

Kelly argues that the "Exclusions" provision quoted above indicates that loss by theft is covered if the building has not been vacant or unoccupied for a period of thirty days. This argument ignores the clear provisions of the "Property Covered" section, which provide that coverage is for "buildings" as defined in that section.

■ It is well settled that, because an insurance policy is a contract of adhesion, any ambiguity or reasonable doubt as to its meaning will be strictly construed in favor of the insured. *Finstad v. Steiger Tractor, Inc.*, 301 N.W.2d 392, 398 (N.D.1981). If the language of the insurance contract will support an interpretation which will provide coverage and one which will not, the former interpretation will be adopted. *Finstad v. Steiger Tractor, Inc., supra,* 301 N.W.2d at 398. Nevertheless, when the language of an insurance policy is clear and explicit, the language should not be strained in order to impose liability upon the insurer. *Aid Insurance Services, Inc. v. Geiger, supra,* 294 N.W.2d at 414; *Kasper v. Provident Life Insurance Co.,* 285 N.W.2d 548, 553 (N.D.1979); *Stetson v. Blue Cross of North Dakota,* 261 N.W.2d 894, 897 (N.D.1978).

■ We conclude that the language of the "Special Building Form" is clear and explicit. Coverage is afforded for buildings, and money is not included within that coverage. In order to impose liability under that provision, we would have to strain the clear language of the policy. We conclude that theft of money from the business premises is not covered under the "Special Building Form."

■ Kelly also contends that coverage is provided under the "Implement Dealers Stock Floater Endorsement," citing the following provision:

*"Coverage B—Business Personal Property consisting of Furniture, Fixtures, Equipment and Tenant's Improvements and Betterments*

"The Company will pay for loss or damage to:

"1. Furniture, fixtures and equipment of the Insured used in the conduct of the business and similar property held by the Insured and belonging in whole or in part to others for not exceeding the amount for which the Insured is liable, but excluding vehicles designed for highway use. Fixtures and Equipment includes fences but does not include outdoor signs."

■ Kelly contends that money is included within "similar property," and is therefore covered under this provision. Kelly has, however, misconstrued this provision. The section provides coverage for two distinct types of property: (1) furniture, fixtures, and equipment of the insured used in the business, and (2) similar property held by the insured but belonging to others. Coverage is not afforded for "similar property" owned by the insured. Kelly has not asserted that the money did not belong to it. We conclude that the policy language is clear and explicit, and does not provide coverage for theft of money belonging to Kelly.[1]

The judgment of the district court is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

1. Even if we were to construe the policy to provide coverage to "similar property" owned by the insured, it is clear that money would not be included within the term "similar property." Under the principle of ejusdem generis, general words which follow particular and specific words are not given their natural and ordinary sense, standing alone, but are confined to persons and things of the same kind, class, nature, or genus as the particular words. *North Dakota* *Public Service Commission v. Valley Farmers Bean Association,* 365 N.W.2d 528, 545 (N.D. 1985); *Atlas Ready-Mix of Minot, Inc. v. White Properties, Inc.,* 306 N.W.2d 212, 222 (N.D.1981); *Berger v. County of Morton,* 275 N.W.2d 315, 321 (N.D.1979). Applying this rule of construction to the policy provision here, it is clear that money is not of the same "kind, class, nature, or genus" as furniture, fixtures, and equipment.