**Mark STEENSON, Plaintiff and Appellant,**

v.

**GENERAL CASUALTY COMPANY, Defendant and Appellee.**

**Civ. No. 11270.**

Supreme Court of North Dakota.

Dec. 16, 1986.

Miller, Norman, Kenney & Williams, Moorhead, Minn., for plaintiff and appellant; argued by Keith L. Miller.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellee; argued by Carlton J. Hunke.

MESCHKE, Justice.

Mark Steenson appeals from a summary judgment dismissing his action against his automobile insurance carrier, General Casualty Company. Steenson sought to recover on his uninsured motorist coverage for his non-economic losses from a collision with an uninsured motorist, but the trial court held that he had not met a statutory threshold requirement. We hold that no "threshold" is required by statute for recovery on the uninsured motorist coverage, and we reverse.

General insured Steenson for auxiliary automobile coverages required by statutes, uninsured motorist protection under N.D. C.C., § 26-02-42 and no-fault protection under the Auto Accident Reparations Act, N.D.C.C., Chapter 26-41.[1] After the collision, General paid Steenson's medical expenses of $199.50 under his no-fault coverage, but declined to make any payment to Steenson for the claimed injury to his back. Steenson did not lose time from work or incur other expenses.

The trial court agreed with General's argument that its uninsured motorist obligation under the statute is qualified by the "serious injury" requirement for a separate tort suit under the no-fault statute. N.D. C.C., § 26-41-12 of the Auto Accident Reparations Act states:

"*Secured person exemption.—*

"1. In any action against a secured person to recover damages because of accidental bodily injury arising out of the ownership or operation of a secured motor vehicle in this state, the secured person shall be exempt from liability to pay damages for:

"a. Noneconomic loss unless the injury is a serious injury.

". . . .

". . . ."

Steenson concedes that he does not have the "serious injury" contemplated by this statute,[2] but he points out that the no-fault Act permits him to sue the uninsured mo-

1. The collision occurred on May 3, 1984. At that time N.D.C.C., Chapters 26-02 and 26-41, entitled "Contracts of Insurance" and "Auto Accident Reparations Act," respectively, were still in effect. Both chapters have since been repealed and replaced. *See* S.L. 1985, ch. 316, § 22. Revised provisions about uninsured motorist coverage are at N.D.C.C., §§ 26.1-40-13, 26.1-40-14, and 26.1-40-15, and a revised chapter on Auto Accident Reparations is at N.D.C.C., Chapter 26.1-41.

2. N.D.C.C., § 26-41-03(18) defines "serious injury" as "an accidental bodily injury which results in death, dismemberment, serious and permanent disfigurement or disability beyond sixty days, or medical expenses in excess of one thousand dollars."

torist directly to recover damages for his injury. *See* N.D.C.C., § 26–41–04(5). If he can sue the uninsured motorist for damages, then he can also recover those non-economic damages from his uninsured motorist carrier, Steenson argues.

Thus, the issue is whether General's liability on its statutory uninsured motorist coverage is limited by the provisions of the no-fault Act.

■ Section 26–41–03(17) of the no-fault Act defines "secured person" as:

"[T]he owner, operator, or occupant *of the secured motor vehicle,* and any other person or organization legally responsible for the acts or omissions of such owner, operator, or occupant." (Emphasis added.)

Thus, to be a "secured person," General must be "legally responsible" for the operator of a "secured motor vehicle," which is defined as:

"[A] motor vehicle with respect to which the security required by this chapter was *in effect at the time of its involvement in the accident* resulting in accidental bodily injury." N.D.C.C., § 26–41–03(16).

The security required by Chapter 26–41 is a policy of insurance issued by an insurer or by self-insurance. N.D.C.C., § 26–41–04(2). In this case, the parties have stipulated that the vehicle which collided with Steenson was uninsured. Therefore, no-fault security for it was not "in effect at the time of its involvement in the accident" and it was not a "secured motor vehicle." N.D.C.C., § 26–41–03(16). Thus, General was not "legally responsible" for the uninsured motorist as operator of a "secured motor vehicle," and the uninsured motorist is not a "secured person." N.D.C.C., § 26–41–03(17). Consequently, General cannot claim the "secured person exemption" of the no-fault Act, N.D.C.C., § 26–41–12, to limit its uninsured motorist obligation.

■ General argues that the "secured person exemption" should apply in this case, because Steenson would then be in the same situation as if the other driver were insured. General cites authority indicating that the purpose of uninsured motorist coverage is to allow the insured to recover as if the uninsured motorist was insured. *See,* 8C Appleman, *Insurance Law and Practice,* § 5067.45 (1981); *Hamberg v. State Farm Mutual Automobile Insurance Co.,* 374 N.W.2d 460 (Minn.App. 1985).

But, in North Dakota, the uninsured motorist statute and Auto Accident Reparations Act do not refer to each other. There is nothing expressed in these statutes to suggest that recovery on the uninsured motorist coverage is limited by the threshold requirements of the separate no-fault statute. "If a statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit because the Legislative intent is presumed clear from the face of the statute." *Milbank Mutual Insurance Co. v. Dairyland Insurance Co.,* 373 N.W.2d 888, 891 (N.D.1985).

Accordingly, the judgment of the district court is reversed.

ERICKSTAD, C.J., VANDE WALLE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

Surrogate Justice PEDERSON sitting in place of LEVINE, J., disqualified.