**Richard DAVIS, as guardian ad litem and next friend of Ericka Davis, a minor, Plaintiff and Appellant,**

v.

**AUTO–OWNERS INSURANCE COMPANY, Defendant and Appellee.**

**Civ. No. 870360.**

Supreme Court of North Dakota.

March 7, 1988.

---

Richie & Associates, Fargo, for plaintiff and appellant; argued by Craig M. Richie.

Dosland, Dosland, Nordhougen, Lillehaug & Johnson, P.A., Moorhead, Minn., for defendant and appellee; argued by Duane A. Lillehaug.

MESCHKE, Justice.

Ericka Davis, by Richard Davis, her father and guardian ad litem, appealed from a summary judgment dismissing her claim against Auto–Owners Insurance Company for underinsured benefits. We affirm.

Ericka was injured by a motor vehicle driven by Dan Wallock. Wallock had liability insurance with State Farm Insurance Company. Ericka sued Wallock. The lawsuit was settled by State Farm's payment to Ericka of $100,000, the liability limit of Wallock's policy.

When Ericka was injured, her father had motor vehicle insurance with Auto–Owners which covered Ericka, as an additional insured, with underinsured motorist protection of $50,000 per person and $100,000 per occurrence. Claiming her damages exceeded the $100,000 settlement, Ericka sought underinsurance benefits from Auto–Owners. Auto–Owners denied her claim, insisting that its underinsurance coverage did not apply unless the tortfeasor's liability insurance limit was lower than the limit of underinsurance protection by Auto–Owners.

Ericka sued Auto–Owners for breach of its agreement to protect her from loss through injury by an underinsured motorist. Ericka relied solely upon the policy provisions and did not claim fraud, misrepresentation, or misunderstanding about the extent of the insurance. The trial court, concluding that underinsurance coverage did not apply because Wallock's vehicle was not underinsured, granted Auto–Owners' motion for summary judgment and dismissed Ericka's claim.

On appeal, Ericka asserts that the policy language limiting underinsurance coverage was contrary to public policy favoring adequate compensation of auto accident victims and was therefore unenforceable.

■ Auto–Owners' policy unambiguously stated that its underinsured coverage applied only when the tortfeasor's liability insurance was less than Auto–Owners' agreed amount of underinsurance coverage. When the language of an insurance policy is unambiguous it should not be strained to impose liability on the insurer. *Anderson v. American Standard Insurance Co.*, 293 N.W.2d 878 (N.D.1980). Wallock's liability insurance coverage of $100,000 exceeded the $50,000 underinsurance coverage in Auto–Owners' policy. Therefore, Ericka was not entitled to underinsurance benefits.

In 1987 the legislature enacted compulsory underinsured motorist coverage, including Section 26.1–40–13(1), N.D.C.C., which defined an "underinsured motor vehicle" in language substantively equivalent to that used in Auto–Owners' policy. Under the statute, an underinsured vehicle is one for which the applicable limit of liability insurance is less than the applicable limit of underinsurance coverage. That law was enacted after Ericka's injury and is not, therefore, applicable to this case. It simply shows that Auto–Owners' underinsurance provision is in accord with current public policy. Absent anything contrary, it also indicates that the provision was in accord with earlier public policy. *See Jerry Harmon Motors v. Farmers Union Grain Terminal Association,* 337 N.W.2d 427, 431–432 (N.D.1983). We have no basis for concluding that the 1987 enactment, defining underinsured coverage, changed public policy. Consequently, we conclude that the underinsured motorist provision in Auto–Owners' policy was not contrary to public policy of this state.

The summary judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.