Richard A. CHOUKALOS, Appellant,

v.

NORTH DAKOTA WORKERS' COMPENSATION BUREAU, Appellee,

and

North Dakota Insurance Department, Respondent.

Civ. No. 880039.

Supreme Court of North Dakota.

Aug. 15, 1988.

Dietz & Little, Bismarck, for appellant; argued by Janell M. Knutson. Appearance by Stephen D. Little.

Dean J. Haas (argued), Asst. Atty. Gen., Workers Compensation Bureau, Bismarck, for appellee.

LEVINE, Justice.

Richard A. Choukalos appeals from a district court judgment affirming the

North Dakota Workers' Compensation Bureau's dismissal of his claim for benefits. We conclude that mental injury resulting from the termination of one's employment is not compensable and affirm the judgment.

Choukalos was employed by the North Dakota Insurance Department for six years. On June 23, 1986, Insurance Commissioner Earl Pomeroy presented Choukalos with a notice of intended termination and suspended him with pay. By letter of July 3, Choukalos' employment was terminated as of July 1.[1]

Choukalos became agitated and depressed. Two psychiatrists testified that Choukalos' termination from employment "was a substantial contributing factor to claimant's mental functioning" and "was a precipitating event in claimant's acute mental state." The Bureau found:

"XIII.

"The greater weight of the evidence taken as a whole indicates that claimant's termination from employment precipitated an acute onset or flare-up of his underlying psychiatric condition.

". . .

"XV.

"Claimant has failed to prove that the impairment in mental functioning is causally related to or arose out of and in the course of his employment, rather than to the termination from employment."

The Bureau concluded that "[t]ermination from employment is not deemed to have arisen out of and in the course of employment" and dismissed Choukalos' claim for benefits.

On appeal, the district court affirmed the Bureau's dismissal. While Choukalos has raised a number of issues, we deem the dispositive issue to be whether or not mental injury resulting from termination of employment is a compensable injury under our workers compensation statutes.

*Kelly's Case*, 17 Mass.App. 727, 462 N.E. 2d 348 (1984), *affirmed*, 394 Mass. 684, 477 N.E.2d 582 (1985), is the only decision drawn to our attention in which an appellate court has held that mental disability caused solely by the termination of one's employment is compensable under any state's workers' compensation statutes. The Massachusetts Court of Appeals recognized that its decision "may involve a larger extension of liability" than earlier cases contemplated, and observed that "it may be that a rule is called for which would exclude from compensation mental injuries brought about by good faith decisions by an employer to lay off or transfer employees." *Id.*, 462 N.E.2d at 352. As Professor Larson has noted, "*Kelly* is the only favorable award in a pure layoff case."[2] 1B *Larson's Workmen's Compensation Law* § 42.23(e), p. 7–678 (1987). *Kelly* was legislatively overruled by amending the relevant statute to preclude compensation for "mental or emotional disability arising principally out of a bona fide, personnel action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm." Ann.L. of Mass. ch. 152 § 29.

Section 65–01–02(7), N.D.C.C., defines a compensable injury as "an injury by accident arising out of and in the course of employment." Generally, the "arising out

---

1. Choukalos has asserted that the date of his termination was July 1 and that the Bureau's references to June 23 as the date of termination are incorrect. Choukalos testified that the Social Security Administration determined that he became disabled on June 23. We do not deem either date to be significant with regard to this appeal.

2. Choukalos has asserted that he "is not relying on the 'act of termination' as the sole cause of his injury, but the manner of his discharge and the events leading up to his termination, as well." While we do not believe that the manner of one's discharge or the events leading to discharge would render any resulting mental injury compensable, we need not address this matter because there is insufficient evidence to raise an issue requiring determination. The medical evidence in the record indicates that the cause of Choukalos' disability was his termination from employment, not the "manner of his discharge and the events leading up to his termination."

of" language is "construed to refer to causal origin" and the "course of employment" language is construed to refer to the "time, place, and circumstances of the accident in relation to the employment." 1 *Larson's Workmen's Compensation Law* § 6.10 p. 3–3 (1985).

The workers' compensation statutes were enacted to protect workers from the hazards of employment. Absent a clear legislative statement, we do not believe that the Legislature intended the workers' compensation statutes to protect workers from the hazard of termination of employment. Thus, we do not believe that a mental injury resulting from termination of employment was intended by the Legislature to constitute a compensable injury. *See, Smith and Sanders, Inc. v. Peery,* 473 So.2d 423 (Miss.1985); *Georgia–Pacific Corp. v. Workers' Compensation Appeals Board,* 144 Cal.App.3d 72, 192 Cal.Rptr. 643 (1983). Because workers' compensation benefits are not available for mental injury resulting from termination of employment, an employee whose employment is terminated can pursue other remedies. *Georgia–Pacific Corp. v. Workers' Compensation Appeals Board, supra.*

Affirmed.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.