Hope C. **CORMIER** and LeRay M. Cormier, Plaintiffs, Appellees and Cross–Appellants,

v.

**NATIONAL FARMERS UNION PROP- ERTY & CASUALTY COMPANY, a North Dakota Corporation, Defendant, Appellee and Cross–Appellee,**

and

**Citizens Security Mutual Insurance Company, Inc., a North Dakota Corporation, Defendant and Appellant.**

**Civ. No. 890074.**

Supreme Court of North Dakota.

Aug. 15, 1989.

Lee Hagen Law Office, Ltd., Fargo, for plaintiffs, appellees and cross-appellants; argued by Mary L. Muehlen Maring.

Pringle & Herigstad, P.C., Minot, for defendant, appellee and cross-appellee; argued by Mitchell Mahoney.

Hefte, Pemberton, Sorlie & Rufer, Fergus Falls, Minnesota, for defendant and appellant; argued by Richard L. Pemberton.

LEVINE, Justice.

This is an appeal from summary judgment resolving issues of uninsured motorist coverage. We affirm in part and reverse in part.

The parties stipulated to the following facts. On October 25, 1985, Hope C. Cormier, a passenger in a car driven by Cynthia Fankhanel, was injured when the car collided with a pickup. Cormier was insured under an automobile insurance policy issued by Citizens Security Mutual Insurance Co. (Citizens), which included uninsured motorist benefits. Fankhanel was insured under an automobile insurance policy issued by National Farmers Union Property & Casualty Co. (National Farmers), which also included uninsured motorist benefits. At the time of the accident, Cormier and Fankhanel were in the course and scope of their employment. Cormier received workers compensation benefits, and Fankhanel is immune from suit by Cormier under the North Dakota workers compensation laws. Cormier settled with the driver of the pickup that collided with the Fankhanel vehicle.

Hope Cormier and her husband, LeRay Cormier, sued National Farmers and Citizens, claiming Fankhanel was an uninsured motorist which entitled them to uninsured motorist benefits under their insurance policy issued by Citizens and under Fankhanel's policy issued by National Farmers.[1] The Cormiers requested declaratory relief on whether Fankhanel is an uninsured driver under NDCC 26.1-40-14(1), the uninsured motorist coverage statute, and the insurance policies, and whether Cormier is restricted to workers compensation benefits as the exclusive remedy for claims relating to the fault of Fankhanel. All parties moved for partial summary judgment and the trial court granted partial summary judgment in favor of the Cormiers against Citizens, holding that Fankhanel was an uninsured motorist under the uninsured motorist statute and the Citizens insurance policy and that workers compensation was not the Cormiers' exclusive remedy.

The trial court also granted summary judgment in favor of National Farmers, finding that although Fankhanel was an uninsured motorist, the Cormiers were not entitled to benefits under the policy issued by National Farmers because there was no contractual relationship between the Cormiers and National Farmers. The Cormiers and Citizens appealed.[2]

While the Cormiers have raised several issues, we believe the dispositive issue is whether Hope Cormier is "legally entitled to recover" damages under the uninsured motorist coverage statute and under the insurance policies.

The Cormiers assert that in order to be "legally entitled to recover" damages, a claimant need only prove the elements of her claim and a tort-feasor's statutory immunity does not affect the claimant's legal entitlement to recover. We disagree.

---

1. No issue has been raised as to whether, under an uninsured motorist provision of an automobile insurance policy, an insured can directly sue an insurer before obtaining a judgment against the uninsured motorist. *See* Rule 18(b), NDRCivP (rule of joinder of remedies does not apply in tort cases to permit joinder of liability or indemnity insurance carrier unless carrier is directly liable to injured person).

2. Upon Citizens' motion and stipulation of the Cormiers and National Farmers, the trial court entered an order for a final judgment pursuant to Rule 54(b), NDRCivP, and amended the summary judgment to reflect the order.

Section 26.1–40–14(1), NDCC, requires uninsured motorist coverage. The applicable 1985 statute provided:

"1. No motor vehicle liability insurance policy against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of ownership, maintenance, or use of any motor vehicle may be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in amounts not less than that set forth in section 39–16.1–11 for bodily injury or death *for the protection of insureds who are legally entitled to recover damages from owners or operators of uninsured motor vehicles,* and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."[3] [Emphasis added.]

The pertinent Citizens' policy provision provides:

"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

1. Sustained by a covered person; and

2. Caused by an accident."

**3.** An "uninsured motor vehicle" was defined by the 1985 Legislature as:
"... any motor vehicle not subject to insurance providing at least the bodily injury and death limits set forth in section 39–16.1–11 and includes an insured motor vehicle where the liability insurer is unable to make payment with respect to the legal liability of its insured within the specified limits because of insolvency." NDCC § 26.1–40–13 (1985).

**4.** NDCC § 65–01–01 provides:
"The state of North Dakota, exercising its police and sovereign powers, declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, for workmen injured in hazardous employments, and for their families and dependents, sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil claims for relief

The National Farmers' policy uses substantially similar language.

■ The interpretation of a statute is fully reviewable by this court. *Ladish Malting Co. v. Stutsman County,* 351 N.W.2d 712, 718 (N.D.1984). Similarly, construction of a written contract of insurance is a question of law to be resolved by this court. *Link v. Federated Mutual Ins. Co.,* 386 N.W.2d 897, 899 (N.D.1986). In interpreting a statute, we first look to the language of the statute, and, if the intent of the statute is apparent from its face, there is no room for construction. *State v. Grenz,* 437 N.W.2d 851, 853 (N.D.1989). We follow the same rule in interpreting a contract, *see Link, supra* at 900, so that when the language of an insurance policy is unambiguous, it should not be strained to impose liability on the insurer. *Davis v. Auto–Owners Ins. Co.,* 420 N.W.2d 347, 348 (N.D.1988).

■ There is no ambiguity in either the statutory language or the policy language. It plainly provides that an insured is entitled to uninsured motorist benefits only if she is "legally entitled to recover" damages from the owner or operator of an uninsured vehicle. Under North Dakota law, workers compensation benefits are an employee's exclusive remedy against her employer and coemployees for injuries sustained in the course of employment. NDCC §§ 65–01–01; 65–01–08; 65–05–06;[4]

for such personal injuries and all jurisdiction of the courts of the state over such causes are abolished except as is otherwise provided in this title."
NDCC § 65–01–08 provides:
"Where a local or out-of-state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, or the representatives or beneficiaries of either, have no claim for relief against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation."
NDCC § 65–05–06 provides:
"The payment of compensation or other benefits by the bureau to an injured employee, or to his dependents in case death has ensued, are in lieu of any and all claims for relief whatsoever against the employer of the injured or deceased employee."

see also *Wald v. City of Grafton*, 442 N.W.2d 910 (N.D.1989). It is clear that under workers compensation law, an employee injured in the scope of her employment by the negligence of a coemployee may not recover damages from the coemployee, regardless of the coemployee's fault, because workers compensation benefits are the injured employee's exclusive remedy for work-related injuries against the coemployee. *See* NDCC §§ 65–01–01; 65–01–08; 65–05–06; (see n. 4); *see also Stine v. Weiner*, 238 N.W.2d 918 (N.D. 1976). Because workers compensation affords the exclusive remedy against Hope Cormier's coemployee, Frankhanel, we conclude that Hope Cormier is not "legally entitled to recover" damages from Frankhanel and is not entitled to uninsured motorist benefits.

Our conclusion is consonant with a leading treatise, which states:

"Ordinarily, for the uninsured motorist clause to operate in the first place, the uninsured third person must be legally subject to liability. Thus, if the third person is specifically made immune to tort suit by the compensation act's exclusive remedy clause, the uninsured motorist provision does not come into play. In the familiar example of coemployee immunity, the issue thus becomes whether the accident was in the course of employment; if it was, the uninsured motorist carrier has no liability. A. Larson, 2A *Workmen's Compensation Law* § 71.23(j) at 14–37 (1983) (1987 Supp. at 14–44)."

It is also in accord with the views expressed in *Aetna Casualty & Surety Co. v. Dodson*, 235 Va. 346, 367 S.E.2d 505, 508 (1988) [quoting A. Larson, 2A Workmen's Compensation Law § 71.23(j) at 14–37 (1987 Supp. at 14–44)], and *Perkins v. Insurance Co. of North America*, 799 F.2d 955, 959 (5 Cir.1986) [applying Mississippi law].

In *Aetna Casualty & Surety Co. v. Dodson, supra*, the Virginia Supreme Court, in considering the identical question under notably similar facts, found that the policy phrase "legally entitled to recover" dam-ages, unambiguously "interposes, as a condition precedent to the [uninsured motorist] insurer's obligation, the requirement that the insured have a legally enforceable right to recover damages from an owner or operator of an uninsured motor vehicle." *Id.* at 508. The court held, as we do, that because workers compensation afforded the exclusive remedy against the employer and fellow employees, the injured person (or the decedent's beneficiaries, as was the case in *Dodson* ) was not "legally entitled to recover" damages against them. *Id.*

We believe that the clear meaning of the language, "legally entitled to recover," imports a condition precedent to the uninsured motorist insurer's obligation that the insured have a legally enforceable right to recover damages from the owner or operator of the uninsured motor vehicle. Because workers compensation is the exclusive remedy for an injured employee against a coemployee, Cormier does not have a legally enforceable right to recover damages from Fankhanel and, therefore, is not "legally entitled to recover." Other jurisdictions have similarly interpreted equivalent language. *See, e.g., Aetna Casualty & Surety Co. v. Dodson, supra; Perkins, supra; Hubbel v. Western Fire Ins. Co.*, 218 Mont. 21, 706 P.2d 111 (1985); *Peterson v. Kludt*, 317 N.W.2d 43 (Minn. 1982); *Gray v. Margot Inc.*, 408 So.2d 436 (La.App.1981); *Williams v. Country Mutual Ins. Co.*, 28 Ill.App.3d 274, 328 N.E.2d 117 (1975); *Hopkins v. Auto–Owners Ins. Co.*, 41 Mich.App. 635, 200 N.W.2d 784 (1972).

The Cormiers rely on several cases holding that a claimant is "legally entitled to recover" if she is able to prove the elements of her claim, notwithstanding the statutory immunity of the tort-feasor. *See, e.g., Allstate Ins. Co. v. Elkins*, 77 Ill.2d 384, 33 Ill.Dec. 139, 396 N.E.2d 528 (1979); *Guillot v. Travelers Indem. Co.*, 338 So.2d 334 (La.App.1977). These cases involve interspousal immunity, not workers compensation immunity. Workers compensation is the injured employee's exclusive remedy against a coemployee, and therefore an injured employee is denied an alternate claim for relief. Interpousal immunity, on the

other hand, deprives a plaintiff of any claim whatsoever. Whether or not we agree with these decisions, we can appreciate their willingness to provide a plaintiff with some recourse when the alternative would be no remedy at all. Here, there are workers compensation benefits. More important, North Dakota has a "long-standing and strong public policy interest in making workmen's compensation the exclusive remedy...." *Barry v. Baker Elec. Co-op Inc.,* 354 N.W.2d 666, 673 (N.D. 1984). Accordingly, we have been zealous in protecting the integrity of our workers compensation statutory scheme of exclusivity in the face of numerous challenges to that exclusivity. *See, e.g., Wald v. City of Grafton,* 442 N.W.2d 910 (N.D.1989); *Barsness v. General Diesel & Equip. Co.,* 422 N.W.2d 819 (N.D.1988); *State by Workmen's Comp. Bureau v. Clary,* 389 N.W.2d 347 (N.D.1986); *Barry, supra; Layman v. Braunschweigische Maschinenbauanstalt Inc.,* 343 N.W.2d 334 (N.D. 1983); *Gernand v. Ost Services, Inc.,* 298 N.W.2d 500 (N.D.1980); *Stine v. Weiner, supra.* The purpose of workers compensation is to protect workers from the hazards of employment by providing "sure and prompt relief" for the worker, in return for which both the worker and employer forfeit other remedies. *Barry, supra* at 668. *See also Choukalos v. North Dakota Workers Compensation Bureau,* 427 N.W.2d 344, 346 (N.D.1988).

Given the clear meaning of the language, "legally entitled to recover," and the clear scheme, purpose and policy of exclusivity incorporated within our workers compensation law, we are unconvinced by those cases holding that immunity under workers compensation does not preclude recovery under one's own contract of insurance, *see, e.g., Barfield v. Barfield,* 742 P.2d 1107 (Okla.1987), and those cases not involving workers compensation. *See, e.g., State Farm Mutual Automobile Ins. Co. v. Baldwin,* 764 F.2d 773 (11 Cir.1985); *Murphy v. U.S. Fidelity and Guaranty Co.,*

120 Ill.App.3d 282, 75 Ill.Dec. 886, 458 N.E.2d 54 (1983); *Uptegraft v. Home Ins. Co.,* 662 P.2d 681 (Okla.1983); *Watkins v. United States,* 462 F.Supp. 980 (S.D.Ga. 1977), *aff'd* 587 F.2d 279 (5 Cir.1979).

The Cormiers also argue that their view promotes the legislative policy expressed in NDCC § 26.1–40–14 that accident victims be fully compensated. However, when the words of a statute are clear, there is no room for construction. *State v. Grenz, supra.* Nor do we agree that the purpose of the statute is as munificent as the Cormiers assert.

The clearly expressed purpose of the uninsured motorist statute is to protect insureds from uninsured motor vehicles. *See* NDCC § 26.1–40–14(1) (1985). That purpose is fulfilled by providing the insured with financial protection from the *financially irresponsible driver,* and by placing an insured in essentially the same position as if the uninsured motorist had been insured as required by law. *See Steenson v. General Casualty Co.,* 397 N.W.2d 461, 463 (N.D.1986); *Calvert v. Farmers Ins. Co. of Arizona,* 144 Ariz. 291, 697 P.2d 684, 687 (1985); *Sayan v. United Services Automobile Ass'n,* 43 Wash.App. 148, 716 P.2d 895, 900 (1986); *Coronet Ins. Co. v. Ferrill,* 134 Ill.App.3d 483, 89 Ill.Dec. 691, 481 N.E.2d 43, 46 (1 Dist.1985). *See also* Couch, 12A Couch on Insurance, § 45:624 (1981). The Cormiers' argument does not advance the legislative intent to compensate persons injured by uninsured vehicles (and thus effectively without recourse) where there is available recovery under workers compensation.

We conclude the Cormiers are not "legally entitled to recover" damages under the uninsured motorist statute and the insurance policies, and thus are not entitled to uninsured motorist benefits.[5]

Accordingly, we reverse the summary judgment in favor of the Cormiers against Citizens, and affirm the trial court's sum-

---

**5.** The Cormiers urge that Fankhanel's vehicle was an "uninsured motor vehicle" under the uninsured motorist coverage statute's definition, NDCC § 26.1–40–13 (1985), and under the insur-ance policies. Because we find that the Cormiers are not "legally entitled to recover" damages under the statute and the policies, we need not address this issue.

mary judgment in favor of National Farmers.[6]

ERICKSTAD, C.J., VANDE WALLE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, J., as Surrogate Judge, sitting in place of MESCHKE, J., disqualified.

6. The trial court found that Fankhanel was an uninsured motorist, but that the Cormiers were not entitled to benefits under the policy issued by National Farmers because there was no contractual relationship between the Cormiers and National Farmers. Although we disagree with the trial court's reasoning for not allowing recovery under National Farmers' policy, we agree with its granting summary judgment in favor of National Farmers. We will not set aside the correct outcome merely because the trial court assigned incorrect reasons for its decision. *Fairmount Township Board of Supervisors v. Beardmore*, 431 N.W.2d 292, 295 (N.D. 1988).