Arthur **STUHLMILLER**, Plaintiff and Appellant,

v.

**NODAK MUTUAL INSURANCE COMPANY and Mark Stuhlmiller, Defendants and Appellees.**

Civ. No. 910019.

Supreme Court of North Dakota.

Oct. 7, 1991.

Nodland, Tharaldson & Dickson, Bismarck, for plaintiff and appellant; argued by Irvin B. Nodland. Appearance by Anna M. Frissell.

Nilles, Hansen & Davies, Ltd., Fargo, for defendant and appellee Nodak Mutual Ins. Co.; argued by William P. Harrie.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendant and appellee Mark Stuhlmiller; argued by Thomas O. Smith.

GIERKE, Justice.

Arthur Stuhlmiller appeals from a summary judgment dismissing his claims against Nodak Mutual Insurance Company ["Nodak"] and Mark Stuhlmiller. We affirm.

On November 3, 1989, Arthur was injured in a one vehicle accident while riding as a passenger in his own vehicle, which was being driven by his son Mark. Arthur's vehicle was insured by Nodak. Mark also had a separate automobile insurance policy issued by Nodak which provided underinsured motor vehicle coverage.

Arthur and Mark were both employed by Century Insurance Company ["Century"] and were acting in the course and scope of their employment at the time of the accident. Century had paid premiums for workers compensation coverage to the State of North Dakota for Arthur and Mark. After the accident, Arthur applied for and received workers compensation benefits to cover disability and medical expenses arising out of the accident.

Arthur subsequently commenced this action against Nodak and Mark, seeking to recover damages under the liability portion of the Nodak policy insuring Arthur's vehicle and under the underinsurance coverage of Mark's policy. On cross-motions for summary judgment, the district court entered judgment dismissing Arthur's claims against Nodak and Mark. Arthur appealed.

Arthur raises numerous issues to support his contention that he should be allowed to collect on the two Nodak insurance policies. However, Arthur for the most part attempts to skirt the dispositive issue on appeal: Whether the insuring clauses of the policies provide coverage under the circumstances presented.

Summary judgment is appropriate when there is no dispute as to the material facts and only questions of law remain to be decided. *Hoff v. Minnesota Mutual Fire and Casualty*, 398 N.W.2d 123, 125 (N.D.1986). Interpretation of a written contract of insurance is a question of law for which summary judgment is an appropriate method of disposition. *Cormier v. National Farmers Union Property & Casualty Co.*, 445 N.W.2d 644, 646

(N.D.1989); *Hoff, supra,* 398 N.W.2d at 125.

In interpreting a contract we look first to its language and, if the intent is apparent from its face, there is no room for construction. *See Cormier, supra,* 445 N.W.2d at 646. When the language of an insurance policy is unambiguous it should not be strained to impose liability on the insurer. *Cormier, supra,* 445 N.W.2d at 646; *Davis v. Auto–Owners Insurance Co.,* 420 N.W.2d 347, 348 (N.D.1988).

The liability portion of the policy insuring Arthur's vehicle provides that Arthur can recover only if Mark is "legally liable to pay" damages for Arthur's injuries. Similarly, the underinsured motor vehicle coverage of Mark's separate policy provides coverage only if Arthur is "legally entitled to recover" from Mark. Mark, as a co-employee, is statutorily immune from suit. Sections 65–01–01 and 65–01–08, N.D.C.C.; *Westman v. Dessellier,* 459 N.W.2d 545, 548 (N.D.1990). Thus, the relevant question becomes whether, under these circumstances, Mark is "legally liable to pay" and Arthur is "legally entitled to recover."

The question has been answered in *Cormier, supra.* Cormier was injured while riding in a vehicle driven by a co-employee, Fankhanel. After collecting workers compensation benefits, Cormier sought to recover under the uninsured motor vehicle coverage of her own personal automobile policy and under Fankhanel's policy, on the theory that Fankhanel was an uninsured motorist. The relevant statute, Section 26.1–40–14(1), N.D.C.C., and the two insurance policies allowed recovery under the uninsured motor vehicle coverage if the injured party was "legally entitled to recover" damages from the uninsured motorist. *Cormier, supra,* 445 N.W.2d at 646. We held that Cormier was not "legally entitled to recover" damages from her statutorily immune co-employee, and thus was not entitled to recover uninsured motor vehicle benefits:

"There is no ambiguity in either the statutory language or the policy language. It plainly provides that an insured is entitled to uninsured motorist benefits only if she is 'legally entitled to recover' damages from the owner or operator of an uninsured vehicle. Under North Dakota law, workers compensation benefits are an employee's exclusive remedy against her employer and coemployees for injuries sustained in the course of employment.... It is clear that under workers compensation law, an employee injured in the scope of her employment by the negligence of a coemployee may not recover damages from the coemployee, regardless of the coemployee's fault, because workers compensation benefits are the injured employee's exclusive remedy for work-related injuries against the coemployee.... Because workers compensation affords the exclusive remedy against Hope Cormier's coemployee, Frankhanel [sic], we conclude that Hope Cormier is not 'legally entitled to recover' damages from Frankhanel [sic] and is not entitled to uninsured motorist benefits.

"Our conclusion is consonant with a leading treatise, which states:

" 'Ordinarily, for the uninsured motorist clause to operate in the first place, the uninsured third person must be legally subject to liability. Thus, if the third person is specifically made immune to tort suit by the compensation act's exclusive remedy clause, the uninsured motorist provision does not come into play. In the familiar example of coemployee immunity, the issue thus becomes whether the accident was in the course of employment; if it was, the uninsured motorist carrier has no liability. A. Larson, 2A *Workmen's Compensation Law* § 71.23(j) at 14–37 (1983) (1987 Supp. at 14–44).' "

*Cormier, supra,* 445 N.W.2d at 646–647 [citations and footnotes omitted].

Although this case involves a general liability provision and underinsured motor vehicle coverage, rather than uninsured motor vehicle coverage, Arthur has failed to present any cogent reason why the reasoning of *Cormier* should not apply in this

case. The policy language clearly and unambiguously provides that Arthur is entitled to benefits only if he is "legally entitled to recover" or Mark is "legally liable to pay." *Cormier* makes it clear that such policy requirements are fulfilled only if Arthur had a legally enforceable right to recover damages from Mark. *Cormier, supra,* 445 N.W.2d at 647. Because Mark is statutorily immune under the exclusive remedy provisions of the Workers Compensation Act, we conclude that Arthur is not "legally entitled to recover" damages from Mark, Mark is not "legally liable to pay" damages, and accordingly Arthur is not entitled to recover under either policy.

Arthur requests that we overrule *Cormier*, asserting that we did not at that time have the advantage of his arguments addressing the "reality of insurance industry practices" and "the status of the Workers Compensation Fund." We have considered Arthur's arguments and we are not convinced that *Cormier* was wrongly decided. *Cormier* represents our acceptance of the substantial majority view on this issue. *See* Annot., 82 A.L.R.4th 1096 (1990), and cases cited therein. We decline the invitation to overrule *Cormier.*

Arthur also asserts that statutory immunity has been waived in this case in accordance with *Barsness v. General Diesel & Equipment Co.,* 422 N.W.2d 819 (N.D.1988). In *Barsness,* an employee was injured in a fall from a crane. The crane had been leased by the employer, and the lease agreement specifically required the employer to indemnify the lessor for any liability arising out of the use of the crane. The injured employee sued the lessor for his injuries and the lessor sought indemnity from the employer under the terms of the lease.

■ We noted that, although the workers compensation statutes ordinarily prohibit a third-party tortfeasor from obtaining contribution from the employer, there is an exception when the employer has entered into an express contract to indemnify the third-party tortfeasor. *Barsness, supra,* 422 N.W.2d at 823. The rationale for this exception is that the indemnity claim is not an action for damages but is a separate legal claim based upon contract. *Barsness, supra,* 422 N.W.2d at 823. We concluded that by clearly and unambiguously agreeing to indemnify the lessor for liability arising out of the use of the crane, the employer had, to that limited extent, waived its statutory immunity under Chapter 65–01, N.D.C.C. *Barsness, supra,* 422 N.W.2d at 825.

*Barsness* is wholly inapplicable to this case. There is no third-party tortfeasor seeking indemnification or contribution, nor has any statutorily immune party clearly, unambiguously, and expressly agreed to indemnify such a third-party tortfeasor. The statutorily immune party in this case is Mark. Arthur has pointed to no action by Mark which demonstrates an intent to waive the protection of the statutory immunity and exclusive remedy provisions of the Workers Compensation Act. We conclude that there has been no waiver of statutory immunity in this case.

We have considered Arthur's other arguments and find them to be without merit. The judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.