# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3448

_____

Berkley Regional Insurance Company

*Plaintiff - Appellee*

v.

Debbie Bernick-Odom, personally and as Personal Representative
for the Estate of Jeffrey Odom

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: February 14, 2019
Filed: May 24, 2019

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Jeffrey Odom died in a motor vehicle accident driving a pick-up truck owned by his employer and insured by a Berkley Regional Insurance Company commercial auto policy. The other driver's tractor-trailer was owned by his employer and insured by a Zurich America commercial auto policy. Odom's widow, Debbie Bernick-Odom, filed a claim with Berkley for underinsured motorist (UIM) benefits. Berkley

filed this diversity action seeking a declaratory judgment of no UIM coverage; Bernick-Odom counterclaimed for UIM coverage and other relief. The district court[1] granted Berkley's motion for summary judgment, concluding that the other driver's vehicle was not an "underinsured motor vehicle" as defined in Berkley's policy and in the auto insurance provisions of the North Dakota Century Code. Bernick-Odom appeals. Reviewing the grant of summary judgment *de novo*, we affirm.

## I.

The issue on appeal is whether the tractor-trailer insured by Zurich was an "underinsured motor vehicle." The North Dakota statute defines underinsured motor vehicle as a vehicle:

> for which there is a bodily injury liability insurance policy . . . in effect at the time of the accident, but the applicable limit of bodily injury liability of such policy . . . :
>
> a.  Is less than the applicable limit for underinsured motorist coverage under the insured's policy; or
>
> b.  Has been reduced by payments to other persons injured in the accident to an amount less than the limit for underinsured motorist coverage under the insured's policy.

N.D.C.C. § 26.1-40-15.1(2). Berkley's commercial auto policy promised to pay any sum its insured "is legally entitled to recover . . . from the . . . driver of an 'underinsured motor vehicle.'" The policy incorporated the statutory definition of "underinsured motor vehicle" almost word for word.

---

[1]The Honorable Daniel L. Hovland, Chief Judge of the United States District Court for the District of North Dakota.

The Berkley policy limited UIM coverage to $1,000,000. The Zurich commercial auto policy provided its insureds a combined limit of $1,000,000 for covered bodily injury and property damage. After Odom's death, Zurich agreed to pay Berkley $40,000 to reimburse Berkley for payment to Odom's employer for the loss of its pick-up truck. Zurich and Bernick-Odom then agreed to settle her wrongful death claim against Zurich's insureds for $960,000, the remainder of Zurich's $1 million combined policy limit. Bernick-Odom's attorney gave Berkley notice of this settlement and advised that Bernick-Odom's wrongful death claim exceeded the Zurich policy limits and she would seek to recover UIM benefits from Berkley. Berkley paid Bernick-Odom $960,000 as a "substitute payment" to preserve its right of subrogation against an underinsured motorist. See N.D.C.C. § 26.1-40-15.5(2). Counsel for Berkley advised counsel for Bernick-Odom that this payment "does not waive Berkley's rights . . . to deny that the [tractor-trailer insured by Zurich] is an underinsured motor vehicle." This lawsuit followed.

## II.

Like the district court, we conclude that the tractor-trailer insured by Zurich was not an "underinsured motor vehicle." The North Dakota statute and Berkley's policy provide that the vehicle was underinsured if (a) the applicable limit of Zurich's bodily injury policy "in effect at the time of the accident" was less than the $1,000,000 UIM limit in Berkley's policy, or (b) the applicable limit of Zurich's bodily injury liability "[h]as been reduced by payments to other persons injured in the accident." Bernick-Odom argues the vehicle was underinsured because Zurich's payment of $40,000 for the property damage to the employer's pick-up reduced the applicable limit of Zurich's bodily injury policy to $960,000, less than Berkley's $1,000,000 UIM limit. At oral argument, Bernick-Odom conceded the obvious -- that she is not entitled to UIM coverage under subpart (b) of N.D.C.C. § 26.1-40-15.1(2) because Zurich's $40,000 property damage payment was not a payment "to other persons injured in the accident." Thus, the coverage issue turns on subpart (a).

Bernick-Odom argues that Zurich's "applicable limit of bodily injury liability" was less than $1,000,000 because subpart (a) compares Zurich's bodily injury limit with Berkley's UIM limit, and Zurich's payment of $40,000 for property damage reduced the bodily injury limit to $960,000, thus making the tractor-trailer underinsured. However, as the district court recognized, subpart (a) directs us to compare Zurich's applicable limit of bodily injury liability "in effect at the time of the accident" with the UIM limit in Berkley's policy. At the time of the accident, Zurich's applicable bodily injury limit was $1,000,000, the same as Berkley's UIM limit. Therefore, applying the unambiguous language of both the statute and the UIM coverage provision in Berkley's policy, the tractor-trailer insured by Zurich was not an "underinsured motor vehicle" under subpart (a).[2]

Bernick-Odom argues the district court erred in failing to liberally construe the North Dakota statute to make her whole, citing Jund v. Johnnie B's Bar & Grill, Inc., 814 N.W.2d 776 (N.D. 2011). We disagree. In Jund, the parties stipulated that the tortfeasor's vehicle was an "underinsured motor vehicle" within the meaning of § 26.1-40-15.1(2). Id. at 777. The Supreme Court of North Dakota recognized that the 1989 amendments to North Dakota's UIM statutes at issue in Jund "retained the definition for an underinsured motorist, which governs the *threshold issue* of whether an underinsured motor vehicle is involved." Id. at 782 (emphasis added). And in DeCoteau v. Nodak Mut. Ins. Co., 603 N.W.2d 906, 912 (N.D. 2000), after carefully reviewing the legislative history of various amendments to the State's UIM statutes,

_____

[2]Bernick-Odom argues for the first time on appeal that the bodily injury liability limit in Zurich's combined policy was less than $1,000,000 because North Dakota law requires that auto liability policies cover at least $25,000 in property damage. See N.D.C.C. § 39-16.1-11(2)(b). We rarely consider arguments raised for the first time on appeal. Moreover, this provision from another title of the Century Code does not negate the plain meaning of § 26.1-40-15.1(2). That Zurich's combined limit policy provided at least $25,000 property damage *coverage* does not alter the fact that its bodily injury *limit* at the time of the accident was $1,000,000.

the Court emphasized that "a tortfeasor's motor vehicle must meet the statutory definition of underinsured motor vehicle in N.D.C.C. § 26.1-40-15.1(2)" to trigger UIM coverage. In our view, these decisions confirm that the Supreme Court of North Dakota would apply the unambiguous terms of the statute and Berkley's policy and would therefore compare Berkley's UIM coverage limit with Zurich's bodily injury liability limit "at the time of the accident." See also N.D.C.C. § 1-02-05 (when the wording of a statute is clear and unambiguous, "it is not to be disregarded under the pretext of pursuing its spirit"); Rask v. Nodak Mut. Ins. Co., 626 N.W.2d 693, 697 (N.D. 2001) ("The definition of underinsured motor vehicle [in § 26.1-40-15.1(2)] is not ambiguous."); Davis v. Auto-Owners Ins. Co., 420 N.W.2d 347, 348 (N.D. 1988) (a policy's unambiguous UIM coverage provision "should not be strained to impose liability on the insurer").

Bernick-Odom further argues that Berkley waived its right to contest UIM coverage when it made a substitute payment of $960,000 in order to preserve its right to subrogation under § 26.1-40-15.5(2). We disagree. The statute provides that an "insurer providing underinsured motorist coverage" who makes a substitute payment "has full rights of subrogation." Berkley provided Odom underinsured motorist coverage. It made a substitute payment, expressly reserving the right "to deny that the [Zurich-insured] vehicle is an underinsured motor vehicle." Section 26.1-40-15.5(2) does not state that making a substitute payment waived or relinquished Berkley's right to contest UIM coverage, nor would it be in the interest of insureds to discourage substitute payments by construing the statute as effecting such a waiver. Berkley timely apprised Bernick-Odom of its legal position on the coverage issue. There was no waiver.

For the foregoing reasons, the judgment of the district court is affirmed.

_____