1998 ND 167

**Clifford CLOSE and Millie Close, Plaintiffs and Appellees,**

v.

**Dominic EBERTZ, Defendant.**

**American Economy Insurance Co., Garnishee and Appellant.**

**Civil No. 970380.**

Supreme Court of North Dakota.

Sept. 15, 1998.

Gregory L. Lange, of Richardson, Lange & Donovan, Hazen, for plaintiffs and appellees.

Peter K. Halbach, of Haugland, Halbach & Halbach, Devils Lake, for garnishee and appellant.

SANDSTROM, Justice.

[¶ 1] American Economy Insurance Co. (American) appealed a summary judgment awarding Clifford Close $50,000 and Millie Close $10,000 in their garnishment action to collect insurance proceeds for personal injuries under an automobile liability policy issued to John Ebertz. We hold the entitlement exclusion under the policy excluding coverage to "any person" using an auto without a reasonable belief the person is entitled to do so applies to a "family member" of the insured. Because the Closes do not dispute the trial court's ruling John Ebertz's son, Dominic Ebertz, was driving the vehicle at

the time of the accident without his father's express or implied permission, we further hold the policy provides no coverage. We reverse the summary judgment and remand for entry of summary judgment in favor of American.

I

[¶ 2] On October 1, 1992, American issued an automobile policy to John Ebertz for a 1979 Ford van. On October 12, 1992, John Ebertz's 15–year–old son, Dominic Ebertz, skipped school, took the van, and went riding around Devils Lake with a friend while his father and stepmother were at work. Dominic Ebertz had no drivers license, and he and his friend returned the van to the home before his parents returned for lunch. The boys hid in the van until the parents returned to work.

[¶ 3] The boys, with Dominic Ebertz at the wheel, continued driving around Devils Lake during the afternoon. When an off-duty police officer attempted to stop the boys, Dominic Ebertz fled. During the chase, Dominic Ebertz entered an intersection and collided with a vehicle driven by Randy Holtz. The collision caused the Ebertz van to veer into a vehicle driven by Clifford Close, which was approaching the intersection from the opposite direction. Clifford Close suffered serious injuries in the accident. Dominic Ebertz was charged with unauthorized use of the vehicle.

[¶ 4] Clifford Close and his wife, Millie Close, sued Dominic Ebertz, John Ebertz, and Randy Holtz to collect damages for Clifford Close's personal injuries. Millie Close also sought damages for loss of consortium. The Closes alleged John Ebertz was liable under the family car doctrine or under the doctrine of negligent entrustment. The court granted summary judgment dismissing John Ebertz, concluding neither doctrine applied because Dominic Ebertz was not using the van with his father's express or implied permission. The Closes and Randy Holtz reached a settlement agreement. The Closes were awarded a default judgment against Dominic Ebertz in the amount of $168,131.82.

[¶ 5] The Closes then brought a garnishment action against John Ebertz's insurance company, American. American claimed the entitlement exclusion in the policy excluding coverage to "any person" using an auto without a reasonable belief the person is entitled to do so applied to "family members." Because Dominic Ebertz used the van without John Ebertz's express or implied permission, American asserted there was no coverage under the policy. The Closes did not challenge the trial court's earlier ruling Dominic Ebertz used the van without his father's permission, but argued the policy language was ambiguous and should be interpreted to provide coverage under the circumstances.

[¶ 6] Both parties moved for summary judgment. The trial court concluded the "any person" language in the policy did not include "family members," and ruled the policy provided coverage. Judgment was entered against American awarding Clifford Close $50,000, the per person limit under the policy, and Millie Close an additional $10,000 on her loss of consortium claim.

[¶ 7] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. American's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 8] Summary judgment is a procedure for the prompt and expeditious disposition of a controversy without trial if either litigant is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes would not alter the results. *Perry Center, Inc. v. Heitkamp*, 1998 ND 78, ¶ 12, 576 N.W.2d 505.

A

[¶ 9] John Ebertz's American automobile policy's "Part A–Liability Coverage" says:

Insuring Agreement

A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. . . .

B. "Insured," as used in this Part, means:

1. You or any "family member" for the ownership, maintenance or use of any "auto" or "trailer."

2. Any person using "your covered auto."

A "family member" is defined in the policy as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."

[¶ 10] The policy contains nine exclusions, including the following:

Exclusions

A. We do not provide Liability Coverage for any person:

\* \* \* \* \* \*

8. Using an "auto" without a reasonable belief that person is entitled to do so.

[¶ 11] The term "any person" is not defined in the policy. The trial court noted the undefined term "any person" is used both in the introductory Paragraph A to the Exclusions and in Paragraph B.2 of the "Insuring Agreement" defining an insured as "[a]ny person using 'your covered auto.'" The court reasoned the "undefined term 'any person' could reasonably be interpreted to mean any 'insured' or as simply a reference to the second category of insureds i.e. 'any person using your covered auto' as described in B–2 of the Insuring Agreement." The court further reasoned because "the provision can be reasonably interpreted in either way, it is ambiguous and must be interpreted ... against [American], who could have eliminated the ambiguity through a more careful choice of terms...." The court therefore held the exclusion of "any person" did not include a "family member," and ruled the American policy provided coverage for the Closes' injuries arising from the October 12, 1992, accident.

B

[¶ 12] The interpretation of an insurance policy is a question of law, fully reviewable on appeal. *Northwest G.F. Mut. Ins. Co. v. Norgard*, 518 N.W.2d 179, 181 (N.D.1994). This Court reviews the trial court's interpretation by independently construing and examining the insurance policy.

*Sellie v. North Dakota Ins. Guar. Ass'n*, 494 N.W.2d 151, 156 (N.D.1992). We look first to the language of the insurance contract, and if the language is clear on its face, there is no room for construction. *Stuhlmiller v. Nodak Mut. Ins. Co.*, 475 N.W.2d 136, 138 (N.D. 1991). If coverage hinges on an undefined term, we apply the plain, ordinary meaning of the term in interpreting the contract. *Martin v. Allianz Life Ins. Co.*, 1998 ND 8, ¶ 9, 573 N.W.2d 823. Although insurance policies are contracts of adhesion, and we will resolve ambiguities in favor of the insured when appropriate, *Kief Farmers Co-op. Elevator v. Farmland*, 534 N.W.2d 28, 32 (N.D. 1995), we will not strain the definition to provide coverage for the insured. *Link v. Federated Mut. Ins. Co.*, 386 N.W.2d 897, 900 (N.D.1986).

[¶ 13] The question whether an entitlement exclusion in an automobile policy applies to members of the family of the named insured has generated a fairly substantial amount of litigation. *See* Annot., *Application of Automobile Insurance "Entitlement" Exclusion to Family Member*, 25 A.L.R.5th 60 (1994). Construing policy language indistinguishable from the language at issue here, a minority of courts have determined the "any person" language of the exclusion does not include a "family member," and there is coverage under circumstances comparable to this case. *See Hartford Ins. Co. of Illinois v. Jackson*, 206 Ill.App.3d 465, 151 Ill.Dec. 451, 564 N.E.2d 906 (1990); *American States Ins. v. Adair Industries*, 576 N.E.2d 1272 (Ind.Ct. App.1991); *State Auto. Mut. Ins. Co. v. Ellis*, 700 S.W.2d 801 (Ky.Ct.App.1985); *United Services Auto. Ass'n v. Dunn*, 598 So.2d 1169 (La.Ct.App.1992); *Rutgers Casualty Insurance Company v. Collins*, 313 N.J.Super. 79, 712 A.2d 709 (A.D.1998). The majority of courts, however, have concluded the "any person" language unambiguously includes a "family member," and there is no coverage under these circumstances. *See Omni Ins. Co. v. Harps*, 196 Ga.App. 340, 396 S.E.2d 66 (1990); *Allied Group Ins. v. Allstate Ins.*, 123 Idaho 733, 852 P.2d 485 (1993); *State Farm v. Casualty Reciprocal Exch.*, 600 So.2d 106 (La.Ct.App.1992); *General Accident v. Perry*, 75 Md.App. 503, 541 A.2d 1340 (1988);

*Hanover Ins. Co. v. Locke,* 35 Mass.App.Ct. 679, 624 N.E.2d 615 (1993); *St. Paul Ins. v. Rutgers Cas. Ins.,* 232 N.J.Super. 582, 557 A.2d 1052 (A.D.1989); *Hartford Ins. Co. of the Midwest v. Halt,* 223 A.D.2d 204, 646 N.Y.S.2d 589 (4 Dept.1996); *Newell v. Nationwide Mut. Ins. Co.,* 334 N.C. 391, 432 S.E.2d 284 (1993); *Harlan v. Valley Ins. Co.,* 128 Or.App. 128, 875 P.2d 471 (1994); *Omaha Property & Cas. Ins. v. Johnson,* 866 S.W.2d 539 (Tenn.Ct.App.1993); *Driskill v. American Family Ins. Co.,* 698 F.Supp. 789 (E.D.Mo.1988) (applying Missouri law).

[¶ 14] The reasoning underlying the minority view is the phrases "any person" and "family member" in the policy define mutually exclusive classes, so an exclusion for "any person" does not include family members but means any person other than a family member. *See Adair Industries,* 576 N.E.2d at 1274. The minority view is also based on the conclusion the policy language is ambiguous and should be resolved against the insurer. *See Ellis,* 700 S.W.2d at 803. Some minority-view courts also rely on the reasonable expectation of the insured that family members will be protected when operating a covered family vehicle even without permission, and conclude the family member's disobedience is a family matter to be dealt with internally. *See Collins,* 712 A.2d at 714–15.

[¶ 15] The reasoning underlying the majority view is the term "any person" is unambiguous, with no technical or restricted definition in the policy, and should be given its common meaning to include any person, including a "family member." *See Newell,* 432 S.E.2d at 290. The majority-view courts reject arguments an ambiguity is created merely because one part of the policy establishes general coverage while the other part establishes specific exclusions. *See Driskill,* 698 F.Supp. at 793. The majority reason policy exclusions should be logically construed to include the named insured and family members, those "persons" typically covered, because it would be pointless for the policy to exclude coverage for "persons" not covered by the policy in the first place. *Halt,* 646 N.Y.S.2d at 593. The majority also reason, while the entitlement exclusion does not contain an exception for the named insured or a "family member," certain other policy exclusions, while pertaining generally to "any person," contain specific exceptions for the named insured or any "family member." *See Allstate Ins. Co.,* 852 P.2d at 487. These courts have observed if the exclusion for nonpermissive use does not apply to the named insured or a family member, neither would any other policy exclusion, including the one for intentional torts, because all of the exclusions refer to "any person." *See Johnson,* 866 S.W.2d at 541. The majority-view courts argue the minority view's reasonable expectations and public policy arguments merely create coverage the insured has not paid for and the insurer has not agreed to provide. *See Halt,* 646 N.Y.S.2d at 595.

## C

[¶ 16] We believe the reasoning of the majority is sound, and we, therefore, hold the American policy excludes coverage for the Closes' injuries under the circumstances. Several considerations lead us to this conclusion.

[¶ 17] First, the "Insuring Agreement" of the policy distinguishes between the named insured and family members, and any other person, to provide coverage for the named insured and family members while driving either the covered vehicle or a borrowed vehicle. The "Insuring Agreement" thus limits coverage for any other person to those instances in which the other person is driving a covered vehicle.

[¶ 18] Second, there is nothing ambiguous about the phrase "any person" used in the American policy exclusions section. Because the phrase "any person" has no technical meaning and is not defined in the policy, we give the phrase its plain, ordinary meaning. *Martin,* 1998 ND 8, ¶ 9, 573 N.W.2d 823. "Any" is defined as "unlimited in amount, quantity, number, time, or extent." *Webster's Third New International Dictionary,* at p. 97 (1971). Thus, "any person" must be construed to mean all persons, including family members.

[¶ 19] Third, there are nine exclusions listed in the American policy applicable to "any person." Exclusion A.6 states American will

not provide liability coverage for "any person:"

6. While employed or otherwise engaged in the "business" of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing; or
   e. parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

   a. you;
   b. any "family member"; or
   c. any partner, agent or employee of you or any "family member."

Obviously, if "any person" did not include family members, there would be no need to specifically except family members from exclusion A.6. The specific exception of family members from exclusion A.6, but not from exclusion A.8, strongly implies family members are included in exclusion A.8.

[¶ 20] Fourth, if the exclusion for nonpermissive use does not apply to family members, none of the other eight exclusions would apply to family members because all exclusions apply to "any person." Adopting the minority view would arguably result in allowing coverage for insureds and their family members for intentional torts under exclusion A.1 of the American policy. There is a strong public policy in North Dakota precluding an insured from being indemnified for losses caused by the insured's intentional or willful conduct. *See Ohio Casualty Ins. Co. v. Clark*, 1998 ND 153, ¶ 17, 583 N.W.2d 377; N.D.C.C. §§ 9-08-02 and 26.1-32-04.

[¶ 21] Finally, because the term "insured" under the "Insuring Agreement" is defined as including the named insured as well as any "family member" using "any 'auto,'" whether it is the covered auto or not, adopting the minority view would allow coverage for a car thief under his own policy or under the policy of a family member with whom he resides, not only when stealing the family car, but when stealing any car. This result is untenable and contrary to public policy.

[¶ 22] The Closes rely on the dissenting opinion in *Halt*, 646 N.Y.S.2d at 596–97 (Callahan, J., dissenting), in which the New York Supreme Court, Appellate Division, Fourth Department, overruled its earlier decision in *Paychex, Inc. v. Covenant Ins. Co.*, 156 A.D.2d 936, 549 N.Y.S.2d 237 (4 Dept.1989), which had adopted the minority view. The dissent in *Halt*, 646 N.Y.S.2d at 596, focuses on "the many disputes caused by these provisions and the different resolutions in various jurisdictions" to support a conclusion of ambiguity. However, we are not persuaded disagreement among courts over the proper interpretation of an insurance policy automatically means there is ambiguity requiring coverage.

[¶ 23] The dissent in *Halt*, 646 N.Y.S.2d at 597, also stresses the 1989 *Paychex* decision placed New York insurers on notice its policy was considered ambiguous, but the insurers did nothing to revise the policy language. While this argument may have some force in New York, it carries little weight in North Dakota. Indeed, this Court had never addressed the issue and the majority of courts have not followed the *Paychex* line of reasoning.

[¶ 24] We conclude, as a matter of law, the entitlement exclusion to the American automobile policy excluding coverage to "any person" using an auto without a reasonable belief the person is entitled to do so applies to a "family member" of the insured. Because the Closes do not challenge the trial court's ruling Dominic Ebertz was driving the vehicle at the time of the accident without his father's express or implied permission, we conclude the insurance policy provides no coverage for the Closes' injuries resulting from the October 12, 1992, accident.

### III

[¶ 25] The trial court also ruled Millie Close's $10,000 loss of consortium damages were not subject to the same per person policy limit of $50,000 applicable to Clifford Close's damages. Because we have concluded the policy provides no coverage under these circumstances, it is unnecessary to decide this issue.

IV

[¶ 26] We reverse the summary judgment and remand for entry of summary judgment in favor of American.

[¶ 27] VANDE WALLE, C.J., NEUMANN, MARING and MESCHKE, JJ., concur.