2000 ND 163

**GRINNELL MUTUAL REINSURANCE COMPANY, Plaintiff and Appellee,**

v.

**FARM & CITY INSURANCE COMPANY, Intervenor and Appellee,**

and

Casey Leikas, Vernon Leikas, Gail Leikas, Thomas Zander, individually, and as representative of all heirs-at-law of June Zander, deceased, and Thomas Zander, as personal representative of the Estate of June Zander (collectively referred to as Zanders), Defendants and Appellants.

**Thomas Zander, Plaintiff and Appellant,**

v.

American Family Mutual Insurance Company, Defendant, Third–Party Plaintiff and Appellant,

v.

Grinnell Mutual Reinsurance Company and Farm & City Insurance Company, Third–Party Defendants and Appellees.

American Family Mutual Insurance Company, Plaintiff and Appellant,

v.

Grinnell Mutual Reinsurance Company and Farm & City Insurance Company, Defendants and Appellees.

Nos. 990394–990396 and 20000010.

Supreme Court of North Dakota.

Aug. 24, 2000.

Charles A. Stock (argued), Johannson, Rust, Fagerlund, Yon & Stock, Crookston, for plaintiff and appellee, third-party defendant and appellee, and defendant and appellee Grinnell Mutual Reinsurance Company.

Douglas W. Gigler (argued), Nilles, Hanson & Davies, Ltd., Fargo, for intervenor and appellee, third-party defendant and appellee, and defendant and appellee Farm & City Insurance Company.

Timothy Q. Purdon (submitted on brief), Dickson Law Office, Bismarck, for defendant and appellant Casey Leikas.

David R. Bossart (appeared), David R. Bossart Law Firm, PC, Fargo, for defendants and appellants Vernon Leikas and Gail Leikas.

Daylen D. Ramstad (argued), Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, for defendant and appellant Thomas Zander.

Steven L. Marquart (appeared), Cahill & Marquart, Moorhead, MN, for defendant, third-party plaintiff and appellant, and plaintiff and appellant American Family Mutual Insurance Company.

KAPSNER, Justice.

[¶ 1] Casey Leikas, Vernon Leikas, Gail Leikas, Thomas Zander, and American Family Mutual Insurance Company appeal from summary judgments declaring that Grinnell Mutual Reinsurance Company ("Grinnell") and Farm & City Insurance Company ("F & C") have no duty to indemnify or defend the Leikases. We affirm, holding the Grinnell and F & C policies did not conflict with N.D.C.C. § 39–16.1–11(2)(b) and there was no genuine issue of material fact whether Casey Leikas had permission to use his parents' vehicle at the time of the December 6, 1997, automobile accident.

I

[¶ 2] Since his graduation from high school in 1992, Casey Leikas has suffered from drug and alcohol problems. He has been in and out of school and spent time in the military. Casey unsuccessfully attempted several rehabilitation programs for his drug and alcohol problems, and has several times returned to live at the farm home of his parents, Vernon and Gail Leikas.

[¶ 3] In 1997, Casey moved to Fargo. On November 21, 1997, approximately two weeks before the accident, Casey was arrested for DUI, driving without insurance, and possession of marijuana. At the time of his arrest, Casey was driving his own vehicle, a 1983 Buick. After Casey spent the weekend in jail and pleaded guilty to the charges, he moved back to his parents' home.

[¶ 4] Shortly thereafter, Vernon Leikas procured an insurance policy in Casey's name from F & C to cover Casey's 1983 Buick. Vernon and Gail Leikas's vehicles, a 1996 Chevrolet pickup and a 1995 Oldsmobile, were insured under a policy issued by Grinnell.

[¶ 5] On December 5, 1997, Vernon and Gail Leikas left for a vacation to Florida. On the day before they left, Vernon Leikas explicitly told Casey he was not to drive their vehicles while they were gone. Casey was told the only exception was that he could drive the four-wheel-drive pickup to a neighboring aunt's farm to get snow removal equipment if there was a heavy snowfall and Casey could not get out of the yard with his own car to get to work. In preparation for their trip, the Leikases moved Casey's car to the attached garage nearest the house and placed the opener for that garage door in Casey's car. The 1995 Oldsmobile, which normally was parked in that garage, was moved to the detached garage some distance from the house.

[¶ 6] On December 5, 1997, Casey drove his parents to the airport in his car. At the airport, Vernon again told Casey not to drive their vehicles while they were gone. Casey spent the day at work. That evening, Casey drank extensively and smoked marijuana.

[¶ 7] The next day Casey got up at noon and returned to Fargo, this time driving his parents' 1995 Oldsmobile. He spent the afternoon drinking in bars. As he was returning home at approximately 5:00 p.m., Casey ran a stop sign on a rural road and collided with a vehicle driven by Thomas Zander. Zander's vehicle then struck a third vehicle. Zander's wife, June, was killed in the crash, and Thomas Zander was injured.

[¶ 8] Zander sued Casey, Vernon, and Gail Leikas. Grinnell, the insurer of the 1995 Oldsmobile, brought a declaratory judgment action to determine coverage. F & C which insured Casey's 1983 Buick, intervened, seeking a declaration it had no obligation to provide no-fault coverage to Casey or to indemnify or defend any of the Leikases. This declaratory judgment action was consolidated with two other pending actions: Thomas Zander's suit against his own insurer, American Family, for uninsured motorist coverage, and American Family's suit against Grinnell and F & C to recover its payment of uninsured motorist coverage.

[¶ 9] Grinnell and F & C moved for summary judgment, arguing they had no obligations under their respective policies because Casey was using his parents' vehicle without permission at the time of the accident. The district court determined there was no genuine issue of material fact on the issue of permission and granted summary judgments in favor of Grinnell and F & C. The Leikases, Zander, and American Family appealed.

## II

[¶ 10] The appellants assert the provisions in the Grinnell and F & C policies excluding liability coverage when a vehicle is used without permission are contrary to N.D.C.C. § 39–16.1–11(2)(b) and are void. Section 39–16.1–11(2) is part of the financial responsibility law, and requires that an owner's policy of liability insurance:

a.  Must designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and

b.  Must insure the person named therein and any other person, as insured, using such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicles . . . .

[¶ 11] The Grinnell policy on the 1995 Oldsmobile provided liability coverage for non-named persons using the vehicle, but

excluded coverage "if the person uses a vehicle without having sufficient reason to believe that the use is with permission." The F & C policy issued to Casey on his 1983 Buick provided liability coverage for any damages for which an insured became legally liable because of an automobile accident, but excluded coverage "for any person ... [u]sing a vehicle without a reasonable belief that that person is entitled to do so." The appellants argue there is an inherent conflict between the policy exclusions and the statutory requirements because the policy exclusions focus upon whether the driver reasonably believed he had permission, while the statute focuses upon whether the named insured has expressly or impliedly granted permission.

## A

[¶ 12] Under the facts of this case, N.D.C.C. § 39–16.1–11(2) does not require coverage under the F & C liability policy. The statute focuses upon coverage which must run with the vehicle—it requires that the policy "designate by explicit description or by appropriate reference all motor vehicles" covered, and then requires specific coverage for the named insured or other persons "using such motor vehicle or motor vehicles" for damages arising out of the ownership, maintenance or use of "such motor vehicles." We have previously held our financial responsibility laws allow an insurer to insure fewer than all vehicles driven by the named insured. *State Farm Mutual Automobile Insurance Co. v. LaRoque*, 486 N.W.2d 235, 240 (N.D. 1992). In *LaRoque*, at 240, we held that, "[b]y requiring a designation of all covered vehicles, [N.D.C.C. § 39–16.1–11(2) ] contemplates the circumstance that there will be vehicles not designated and therefore not covered."

[¶ 13] The accident did not involve the vehicle designated under the F & C policy, Casey's 1983 Buick. Rather, the policy

coverage at issue is for Casey's use of another vehicle. Under these circumstances, N.D.C.C. § 39–16.1–11(2) does not apply to the F & C policy.[1]

## B

[¶ 14] Grinnell argues its policy does not violate the statute because, although it does use different language than the statute, it actually provides all of the coverage mandated by the statute and is, in fact, broader than the statute. We agree.

[¶ 15] Section 39–16.1–11(2)(b), N.D.C.C., requires coverage if a person is using the vehicle "with the express or implied permission of [the] named insured." Grinnell's policy provides coverage if a person uses the vehicle with "sufficient reason to believe that the use is with permission." Both provisions employ an objective, reasonable man standard to determine whether the use was permissive. Clearly, if the named insured has given express or implied permission to use the vehicle, then the driver would have "sufficient reason to believe" the use was with permission. Thus, we interpret the Grinnell policy to provide coverage whenever the insured has given express or implied permission to use the vehicle. Grinnell's policy provides broader coverage than the statute requires by also providing coverage when the named insured has not given express or implied permission, but the driver has reason to believe he has permission.

[¶ 16] Chapter 39–16.1, N.D.C.C., specifies the minimum coverage required to satisfy our financial responsibility laws. *See RLI Insurance Co. v. Heling*, 520 N.W.2d 849, 852 (N.D.1994); 7 Lee R. Russ, *Couch on Insurance* § 109.19 (3d ed.1997). The statute does not prevent insurers from providing broader coverage than is statutorily required. *See Haser v. Maryland Casualty Co.*, 78 N.D. 893, 896,

---

1. The parties have not argued N.D.C.C. § 39–16.1–11(3) applies in this case, and we therefore do not consider that issue.

53 N.W.2d 508, 510 (1952); 7 Russ, *Couch on Insurance, supra*, at § 109.21. We interpret the challenged language in the Grinnell policy to provide broader coverage than is required under N.D.C.C. § 39–16.1–11(2), and consequently there is no conflict between the statute and the policy language. *See Wallen v. Acosta*, 799 F.Supp. 83, 86 (D.Kan.1992).

## III

[¶ 17] The appellants assert summary judgment was improperly granted because there is a genuine issue of material fact whether Casey had permission to use the 1995 Oldsmobile at the time of the accident.

[¶ 18] Summary judgment under N.D.R.Civ.P. 56 is a procedural device for prompt and expeditious disposition of a controversy without a trial if there is no genuine issue of material fact or if the law is such that resolution of the factual disputes will not alter the result. *Dinger ex rel. Dinger v. Strata Corp.*, 2000 ND 41, ¶ 14, 607 N.W.2d 886. In considering a motion for summary judgment, the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from that evidence. *Black v. Abex Corp.*, 1999 ND 236, ¶ 23, 603 N.W.2d 182. Although the party seeking summary judgment bears the initial burden of showing there is no genuine issue of material fact, the party opposing the motion may not simply rely upon the pleadings, or upon unsupported, conclusory allegations. *Dinger*, at ¶ 14; *Black*, at ¶ 23. Rather, the resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact, and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact. *Barnes v. St. Joseph's Hospital*, 1999 ND 204, ¶ 9, 601 N.W.2d 587.

[¶ 19] The appellants argue the district court, in concluding there was no genuine issue of material fact on permission, ignored evidence demonstrating a "custom of usage" of Casey's prior use of the 1995 Oldsmobile. The evidence relied upon by the appellants is that Casey was a family member living on the family farm; Gail had allowed Casey to use the 1995 Oldsmobile on prior occasions when he had specifically asked for permission; Casey had driven the vehicle with Vernon and Gail in the car on family vacations; the keys were left in the 1995 Oldsmobile when Vernon and Gail went to Florida; and Vernon and Gail had trusted Casey to "look after" the farm and their vehicles while they were on vacation.

[¶ 20] Our prior cases make it clear an insurer may exclude liability coverage for persons using a vehicle without permission, including family members. *See Midwest Casualty Insurance Co. v. Whitetail*, 1999 ND 133, ¶¶ 5–7, 596 N.W.2d 341; *Close v. Ebertz*, 1998 ND 167, ¶ 24, 583 N.W.2d 794. Thus, the mere fact Casey was a family member does not mandate coverage if he did not have permission to drive the vehicle.

[¶ 21] The appellants' argument ignores the direct, uncontradicted evidence that Vernon expressly told Casey not to drive the 1995 Oldsmobile while Vernon and Gail were in Florida. Vernon unequivocally testified in his deposition that he told Casey on two separate occasions, at home on December 4 and at the airport on December 5, not to use the vehicle. In his deposition, Casey acknowledged his father had explicitly told him not to use the 1995 Oldsmobile, and he knew when he took the vehicle on December 6 he did not have permission to do so. When asked why he had driven his parents' vehicle when he knew he had been expressly forbidden from doing so, he replied he had done so "to defy my parents."

[¶ 22] The evidence of Casey's prior usage of the 1995 Oldsmobile, relied

upon by the appellants to demonstrate a "custom of usage," predates Vernon's explicit prohibition of use communicated to Casey on December 4 and 5, 1997. Even where there has been prior permissive use, the owner may revoke the permission to use the vehicle. *See* 8 Russ, *Couch on Insurance, supra,* at § 112.6. A prior continuing permission to use the vehicle is revoked by expressly forbidding use of the car. 8 *id.* § 112.7.

 [¶ 23] Although the issue of permissive use is ordinarily one of fact, summary judgment may be appropriate if the evidence is susceptible to only one conclusion. 8 *id.* §§ 112.85, 112.87. In *Allstate Insurance Co. v. Brown,* 920 F.2d 664, 668 (10th Cir.1990) (citations omitted), the court affirmed summary judgment in favor of an insurer in a declaratory judgment action, concluding there was no issue of material fact on permission:

> In this case, there are three people whose testimony regarding the issue of permission is relevant: Kendall Brown, the owner of the car, Alfred Brown, his father, and William Brown, the driver. All of these witnesses, including William Brown himself, deny that William had any sort of permission to use his brother's car. Given this deposition testimony, the trial court was correct in determining that there was no credible evidence from which a reasonable person could conclude that William Brown had any kind of permission, implied or otherwise, to drive his brother's car.

[¶ 24] The appellants have not drawn our attention to any admissible evidence to contradict the clear, explicit deposition testimony of Vernon and Casey indicating Vernon expressly told Casey not to use the 1995 Oldsmobile. Evidence that Casey had been given permission to use the vehicle on prior occasions does not create an issue of material fact on implied permission or "custom of usage" when there is uncontradicted evidence Casey was told not to drive the vehicle while his parents were in Florida. The district court did not err in concluding the appellants failed to raise a genuine issue of material fact and summary judgment was warranted.

IV

[¶ 25] We have considered the remaining issues raised by the appellants and find them to be without merit. The judgments are affirmed.

[¶ 26] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, JJ., ALLAN L. SCHMALENBERGER, D.J., concur.

[¶ 27] The Honorable ALLAN L. SCHMALENBERGER, D.J., sitting in place of MARING, J., disqualified.