2002 ND 42

Fred WAHL, d/b/a Wahl Construction,
Plaintiff and Appellee,

v.

COUNTRY MUTUAL INSURANCE
COMPANY, Defendant and
Appellant,

Terry Burke, Terry Burke, Inc.
and Nodak Agency, Inc.,
Defendants.

No. 20010262.

Supreme Court of North Dakota.

March 12, 2002.

Rodney E. Pagel, Pagel Weikum Law Firm, Bismarck, ND, for plaintiff and appellee.

Jerry W. Evenson, Zuger Kirmis & Smith, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Country Mutual Insurance Company ("Country Mutual") appealed from a summary judgment declaring plaintiff, Fred Wahl, doing business as Wahl Construction, had insurance coverage on a damaged tractor loader under a commercial package insurance policy with Country Mutual. We hold Wahl's policy expired for nonpayment of premium prior to the damage of the tractor loader, and we reverse and remand with instructions the trial court enter summary judgment dismissing Wahl's claim against Country Mutual.

### I. Facts

[¶ 2] The facts relevant to this appeal are not in dispute. Fred Wahl and his wife, Colleen Wahl, operate a small family manure hauling business. In 1991, Wahl obtained a commercial package insurance policy for the business through Nodak Agency, Inc., and underwritten by Country Mutual. The policy term was for one year commencing July 30, 1991. Over the years, the policy was continued on an annual basis, but on several occasions Wahl failed to make timely payment of the annual premium. In each case, the premium was eventually paid and the insurance coverage was continued. After the insurance coverage term ended July 30, 1997, Wahl failed to pay the renewal premium. On August 7, 1997, Nodak Agency, Inc., sent Wahl a letter stating the policy had expired and Wahl should contact his agent if

he wanted coverage reinstated. Although the Wahls' daughter signed a return receipt for the letter, the Wahls claim they never saw the letter until sometime in May of 1998. Wahl never paid the premium to renew the policy after July 30, 1997.

[¶ 3] On March 31, 1998 a tractor loader owned by Wahl and used in the business was damaged. Wahl filed a claim for reimbursement of the damages under the commercial package insurance policy. Country Mutual denied the claim on the ground coverage had expired for nonpayment of premium, and Wahl sued for damages.

[¶ 4] The parties filed cross-motions for summary judgment. The trial court concluded Country Mutual had failed to provide a notice of cancellation or a notice of nonrenewal and, therefore, the insurance policy was automatically renewed and was in force when the tractor loader was damaged in March 1998. The court entered summary judgment declaring Country Mutual was required to provide coverage for the damaged tractor loader under the insurance policy.

II. Statutory Notice Requirements

[¶ 5] Country Mutual asserts that the statutory notice requirements for cancellation or nonrenewal of a commercial insurance policy do not require an insurer to provide notice when a policy expires at the end of its term for nonpayment of premium by the insured. Country Mutual argues the trial court erred, therefore, in granting summary judgment to Wahl declaring there was coverage for the damaged tractor loader.

[¶ 6] Under N.D.R.Civ.P. 56(c), summary judgment is a procedure for the prompt and expeditious disposition of a controversy, without trial, if either litigant is entitled to judgment as a matter of law and if no dispute exists as to either the

material facts or the inferences to be drawn from undisputed facts or if resolving factual disputes would not alter the results. *Close v. Ebertz*, 1998 ND 167, ¶ 8, 583 N.W.2d 794. Whether the trial court has properly granted summary judgment is a question of law which we review de novo on the entire record. *Twogood v. Wentz*, 2001 ND 167, ¶ 11, 634 N.W.2d 514.

A. Cancellation

[¶ 7] Our statutory law regarding cancellation of a commercial insurance policy is found in N.D.C.C. §§ 26.1–30.1–02 and 26.1–30.1–03, which provide, in part:

> 26.1–30.1–02. Midterm cancellation of commercial insurance. No insurer may cancel a policy of commercial insurance during the term of the policy, except for one or more of the following reasons:
>
> 1. Nonpayment of premiums....
>
> 26.1–30.1–03. Notice....A policy may not be canceled for nonpayment of premium pursuant to subsection 1 of section 26.1–30.1–02 unless the insurer, at least ten days prior to the effective cancellation date, has given notice to the policyholder of the amount of premium due and the due date. The notice must state the effect of nonpayment by the due date. No cancellation for nonpayment of premium is effective if payment of the amount due is made prior to the effective date set forth in the notice.

The trial court concluded this statute required Country Mutual to provide Wahl notice of cancellation to effectively terminate coverage when Wahl failed to pay a premium to continue coverage after June 30, 1997.

[¶ 8] We summarized the standards for our interpretation of a statute in *Narum v. Faxx Foods, Inc.*, 1999 ND 45, ¶ 18, 590 N.W.2d 454 (citations omitted):

This issue involves the interpretation of a statute, a question of law fully reviewable by this Court. The primary objective of statutory construction is to ascertain the intent of the Legislature. We look first in ascertaining legislative intent at the words used in the statute, giving the words their ordinary, plain language meaning. Statutes must be construed as a whole to determine the legislative intent and the intent must be derived from the whole statute.

By express language, N.D.C.C. § 26.1–30.1–02 unambiguously limits its application to the cancellation of a policy of commercial insurance "during the term of the policy." The statute does not contain language requiring an insurer to give notice when a policy expires by its own terms. This statute was enacted in 1987. 1987 N.D. Sess. Laws ch. 359, § 2. It was amended in 1991, but those changes are not relevant to this appeal. *See* 1991 N.D. Sess. Laws ch. 302, § 19.

[¶ 9] Although courts may resort to extrinsic aids to interpret a statute if it is ambiguous, when the language is unambiguous the legislative intent is presumed clear from the face of the statute. *Overboe v. Farm Credit Servs. of Fargo*, 2001 ND 58, ¶ 9, 623 N.W.2d 372. The statute's language is clear that its notice requirement applies only to cancellations during a policy term for nonpayment of premiums which were to have been paid during the policy term. We, nevertheless, refer to the 1987 testimony of a cosponsor of this legislation, Representative Frank Wald, to the Senate Committee on Industry, Business, and Labor, which reinforces the unambiguous language of the statute itself. In referring to this legislation, Wald testified, "this would prohibit mid-term cancellations. It is a 12–month contract, the insurer ought to honor their commitment for that duration." As Representative Wald's testimony highlights, the clear intent of this statute is to provide limitations upon the midterm cancellations of coverage by insurers, rather than to impose a notice requirement for an expired policy. We hold this statute did not impose a duty upon Country Mutual to provide a notice of cancellation at the end of the policy term when Wahl failed to pay a premium to continue insurance coverage.

B.  Nonrenewal

[¶ 10] Section 26.1–30.1–06(1), N.D.C.C., provides, in part:

26.1–30.1–06. Nonrenewal of commercial insurance policies—Notice required—Exceptions.

1.  An insurer shall renew the policy, unless at least thirty days prior to the date of expiration provided in the policy, a notice of intention not to renew the policy beyond the agreed expiration date is made to the policyholder. The insurer shall include a statement of the reasons for a nonrenewal with the notice.

[¶ 11] Wahl asserts this statute required Country Mutual to provide a notice of nonrenewal, and its failure to do so resulted in continuation of coverage, even though Wahl failed to pay a renewal premium. Wahl contends that, unless notice of nonrenewal is given before expiration of the policy term, the insurer must continue to provide coverage until thirty days after the notice of nonrenewal is given, even though no renewal premium is paid. Under Wahl's interpretation of the statute, an insurer would need to provide a notice of nonrenewal on every policy during the term of the policy to protect itself from having to continue coverage if its insured decides to not submit a renewal premium. The notice of nonrenewal would have to be sent by the insurer even though it fully intended to continue coverage for another

term, upon payment of the renewal premium.

[¶ 12] This Court interprets a statute to avoid absurd or ludicrous results. *Ohnstad Twichell, P.C. v. Treitline*, 1998 ND 10, ¶ 20, 574 N.W.2d 194. We reject Wahl's interpretation of the statute, which, in our view, would constitute an absurd and ludicrous result. The purpose and objective of the nonrenewal notice is clear. The statute imposes a notice requirement upon an insurer which does not intend to allow the insured to continue coverage after the current policy term expires notwithstanding the insured's payment of the premium. If the insurer does not intend to renew the policy coverage, the required nonrenewal notice gives the insured at least thirty days to find coverage with another insurer or to make other plans to protect the insured's interests. Contrary to Wahl's suggested interpretation, there is no language in the statute indicating a legislative intent that an insurer who fully intends to continue coverage with the insured must, nevertheless, notify the insured of its intent to not renew the policy if a renewal premium is not paid. We hold N.D.C.C. § 26.1–30.1–06 did not impose a duty upon Country Mutual to provide a notice of nonrenewal to terminate Wahl's policy for failure to pay a renewal premium.

### III. Contract Provisions

[¶ 13] Although the trial court concluded Country Mutual violated a statutory duty to provide notice of cancellation, Wahl also argued Country Mutual breached a contractual duty to provide notice of cancellation. The relevant policy provisions regarding cancellation provide:

> If this policy has been in effect for 90 days or more, is a renewal of a policy we issued, is a policy issued for a term longer than one year or is a continuous policy, we may cancel the policy only for one or more of the following reasons:
>
> 1. Nonpayment of premiums....
>
> We will mail written notice of cancellation to the first Named Insured, and agent, if any, at least....
>
> (b) 10 days before the effective date of cancellation for nonpayment of premium....
>
> NONRENEWAL
>
> 1. If we elect not to renew this policy, we will mail to the first Named Insured shown in the Declarations, and agent, if any, a notice of intention not to renew at least 30 days prior to the expiration date of the policy. The notice of nonrenewal will state our reason for nonrenewal.

[¶ 14] We summarized our standards for construing an insurance policy in *Close v. Ebertz*, 1998 ND 167, ¶ 12, 583 N.W.2d 794 (citations omitted):

> The interpretation of an insurance policy is a question of law, fully reviewable on appeal. This Court reviews the trial court's interpretation by independently construing and examining the insurance policy. We look first to the language of the insurance contract, and if the language is clear on its face, there is no room for construction. If coverage hinges on an undefined term, we apply the plain, ordinary meaning of the term in interpreting the contract. Although insurance policies are contracts of adhesion, and we will resolve ambiguities in favor of the insured when appropriate, we will not strain the definition to provide coverage for the insured.

The Country Mutual policy language regarding notice of cancellation and nonrenewal basically tracks the language of the statutes. The policy, like our statutes, requires the insurer to provide notice to

the insured if it intends to either cancel or nonrenew a policy. Like the statutes, the policy does not contain express language requiring an insurer to provide notice of cancellation or notice of nonrenewal upon expiration of the policy term.

[¶ 15] The policy says Country Mutual will provide ten days notice before cancellation of the policy. *Black's Law Dictionary* 197 (7th ed.1999), defines "cancellation," in relevant part, as "[a]n annulment or termination of a promise or an obligation." It defines "cancellation clause" as "[a] contractual provision allowing one or both parties to annul their obligations under certain conditions." Country Mutual neither terminated its promises nor annulled its obligations under the policy. Country Mutual fulfilled its obligations under the policy for the entire term of its existence. The policy then lapsed or expired when Wahl failed to submit a premium to renew the contract. No new obligations were undertaken by either party. Under those circumstances, Country Mutual had no need to cancel the policy, which expired by its own terms.

[¶ 16] Our goal when interpreting insurance policies is to give effect to the mutual intention of the parties as it existed at the time of contracting. *Landis v. CNA Ins.*, 1999 ND 35, ¶ 6, 589 N.W.2d 590. Payment of premiums is a condition precedent to the continuation of insurance coverage, and coverage ordinarily lapses if an insured fails to pay premiums. *See Hanson v. Cincinnati Life Ins. Co.*, 1997 ND 230, ¶ 13, 571 N.W.2d 363. There is no policy language indicating the parties intended that insurance coverage would continue when a premium is not paid or that the insurer must provide notice to effectively cancel the policy when the term of coverage has expired and the insured has not paid a premium to renew coverage. Consequently, there was no reason for

Wahl to expect there was insurance coverage seven months after the policy term expired when Wahl had not paid any additional premium to continue coverage. We hold, as a matter of law, the cancellation and nonrenewal provisions of the policy did not impose a duty upon Country Mutual to give notice to Wahl to terminate coverage for the failure to pay a renewal premium upon expiration of the policy term.

IV.   Disposition

[¶ 17] In accordance with this opinion, the summary judgment of the district court is reversed and the case is remanded with instructions the court enter judgment dismissing Wahl's claim against Country Mutual.

[¶ 18] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.