662 N.W.2d 267 (2003)
2003 ND 84
In the Matter of GARRISON STATE BANK AND TRUST.
THOMPSON FUNERAL HOMES, INC., Appellant,
v.
ALDERWOODS GROUP, INC., f/k/a The Loewen Group, Inc., Appellee.
No. 20020341.
Supreme Court of North Dakota.
June 3, 2003.
*268 LaRoy Baird III, LaRoy Baird, P.C., Bismarck, ND, for appellant.
B. Timothy Durick (argued) and David E. Reich, Pearce & Durick, Bismarck, ND, for appellee.
MARING, Justice.
[¶ 1] The Thompson Funeral Home, Inc. ("Thompson") appealed from a summary judgment dismissing its claim for funds held on deposit in a checking account with Garrison State Bank and Trust. The district court found Thompson failed to present a genuine issue of material fact about its entitlement to the funds and concluded, as a matter of law, the money in the account belonged to Alderwoods Group, Inc. ("Alderwoods"). We affirm.

I
[¶ 2] Dennis and Clara Thompson owned and operated the Thompson Funeral Home in Garrison and opened the Garrison State Bank and Trust account, number 002-436, to operate the business. In 1996, they sold the funeral home to the Loewen Group International, Inc. ("Loewen"). After they sold the company, the account at Garrison State Bank and Trust remained open and Loewen continued to use it as a business operating account. The contract for the sale of the business required a $185,000 cash down payment and an unsecured promissory note in the amount of $380,000 to be paid off in ten annual payments. Loewen filed for bankruptcy in September of 1999, and Thompson filed an unsecured claim in the bankruptcy court for the balance of the purchase price. The business was ultimately acquired by Vertin Acquisition Entity, L.L.C. ("Vertin"), but documents show that Loewen retained all cash assets. The business was ultimately sold by Vertin back to Dennis and Clara Thompson. On January 2, 2002, Loewen changed its name to Alderwoods.
[¶ 3] This action was initiated by Garrison State Bank and Trust, under N.D.C.C. ch. 32-11, to deposit with the clerk of the district court $176,621.15 in proceeds in checking account number 002-436, asserting the bank was holding the funds in the account but was uncertain who had a legal right to claim the funds. Thompson and Alderwoods were notified of the action by the bank, and both responded, asserting a legal right to the funds in the account. The district court granted Alderwoods' motion for summary judgment, dismissing Thompson's claim to the funds and directing the bank to release the funds to Alderwoods.
[¶ 4] On appeal, Thompson asserts the district court erred in granting summary judgment, because there are genuine issues of material fact that need to be resolved. Alderwoods asserts the district court properly granted summary judgment, because Thompson has failed to support its claim for the funds with documentation or evidence to raise a genuine issue of material fact that Thompson has a legal claim to the funds.

II
[¶ 5] Summary judgment under N.D.R.Civ.P. 56 is a procedural device for *269 prompt and expeditious disposition of a controversy without a trial if there is no genuine issue of material fact or if the law is such that resolution of the factual disputes will not alter the result. Grinnell Mut. Reinsurance Co. v. Farm & City Ins. Co., 2000 ND 163, ¶ 18, 616 N.W.2d 353. In considering a motion for summary judgment, the court may examine the pleadings, depositions, admissions, affidavits, interrogatories and inferences to be drawn from that evidence. Id. If the moving party meets its initial burden of showing the absence of a genuine issue of material fact, a nonmoving party may not rely on mere allegations, but must present competent evidence by affidavit or other comparable means creating a material factual dispute. Jose v. Norwest Bank North Dakota, N.A., 1999 ND 175, ¶ 7, 599 N.W.2d 293. The party resisting a summary judgment motion must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. Dahlberg v. Lutheran Soc. Servs. of North Dakota, 2001 ND 73, ¶ 11, 625 N.W.2d 241. An issue of fact may be appropriate for summary judgment if reasonable minds can draw only one conclusion from the evidence. Id.
[¶ 6] In its decision granting summary judgment, the district court explained:
Thompson has failed to present competent evidence outlining its claim to the funds in the account. Thompson from all evidence provided by Alderwoods sold the funeral home business in 1996 and received credit and funds pursuant to the purchase agreement. The transaction was complete and Thompson had no claim to the bank account at that time. The fact a signature card remained at the bank does not create an interest in a bank account some five years later. The loss of Thompson's unsecured debt due to Alderwoods predecessor filing bankruptcy also does not create a right to the funds in the account. Thompson fails to provide any form of evidence indicating the remaining funds in the account are due Thompson from the initial sale of the funeral home business in 1996.
Alderwoods, on the other hand, has provided documentation, deposition testimony, and interrogatory answers proving Thompson has no claim to the funds.
Thompson's second argument that the funds in the account are part of the assets it later obtained through the re-purchase of the funeral home business is not supported by the documents involved in that sale. The documents provided in Alderwoods' motion for summary judgment clearly show the funds in the account were not part of the re-purchase of the funeral home business by Thompson. Again, Thompson provides no competent evidence showing an interest to the funds in the account.
Based on the record before me, I find Thompson has failed to respond to Alderwoods' motion for summary judgment with competent evidence and there are no genuine issues of material fact.
[¶ 7] During oral argument to this Court, Thompson argued that when the funeral business was sold to Loewen, Thompson was to receive a $62,257.48 credit for the cash in the disputed checking account but Thompson did not receive that credit and, consequently, Thompson is now entitled to that amount in the account. However, the closing statement for the sale shows that Thompson received a credit for the $62,257.48 cash in the account. Although the sale contract provided that the seller could furnish a final net current asset calculation within 60 days of closing, presumably if that calculation varied from the closing statement figures, Thompson never provided any such calculation. Nor *270 does he now offer a calculation with figures which vary from those in the closing documents. Furthermore, Dennis Thompson conceded in his February 21, 2003, deposition that when the corporation was sold to Loewen, the checking account was "zeroed out" and Thompson "took all [its] cash out." Thompson's concession and the lack of any other documentation showing a failure of the purchaser to make an accounting to Thompson of the cash funds constitutes a failure by Thompson to raise a genuine issue of disputed fact for Thompson's claim to funds in the bank account. That account came within Loewen's ownership when it purchased the company, and Thompson has failed to provide evidence showing it now has any ownership rights to the account.
[¶ 8] Thompson asserts Loewen still owes Dennis and Clara Thompson money for the purchase of the business. However, Thompson has failed to provide any documentation to show how failure of Loewen to pay the balance of the purchase price for the corporation entitles Thompson to funds in the checking account. Thompson filed an unsecured creditor's claim in bankruptcy court for the balance of the purchase price, but has failed to provide any evidence showing Thompson has a legal right to the funds in the disputed account. Thompson may be owed money from Loewen for the purchase, but that debt does not affect ownership of the bank account. We do not make any determination on this appeal whether Thompson is entitled, as an unsecured creditor, to payments from the bankrupt or its successor.
[¶ 9] Thompson also asserts it is entitled to funds in the account because it has now repurchased the funeral home business from Vertin and has acquired the bank account as part of the purchased assets. Alderwoods provided documents showing that all cash assets were retained in the transfer of the business by Loewen to Vertin. Thompson has provided no evidence or documentation to raise a genuine issue that its repurchase of the funeral home business included acquisition of the disputed account funds.

III
[¶ 10] Having reviewed the entire record in this case, we conclude the district court did not err in granting summary judgment dismissing Thompson's claim. Thompson has failed to support its claim or to make a sufficient showing to raise a genuine issue of material fact that it is entitled to funds in the disputed checking account. We, therefore, affirm the summary judgment.
[¶ 11] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.