2008 ND 226

**SCHIPPER CONSTRUCTION, INC., Plaintiff and Appellant**

v.

**AMERICAN CRYSTAL SUGAR COMPANY, Defendant and Appellee.**

**No. 20080123.**

Supreme Court of North Dakota.

Dec. 16, 2008.

Kip M. Kaler, Kaler Doeling Law Office, Fargo, N.D., for plaintiff and appellant.

David P. Bunde (argued) and Sten–Erik Hoidal (on brief), Fredrikson & Byron, P.A., Minneapolis, MN, and Wickham Corwin (on brief), Conmy Feste, Ltd., Fargo, N.D., for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Schipper Construction, Inc. ("Schipper"), appeals from a judgment awarding it $68,106.66 from American Crystal Sugar Company ("American") and dismissing on summary judgment Schipper's quantum meruit claim based on a rescission at law of contracts against American for additional compensation for work performed. We conclude the district court did not err in granting summary judgment dismissal because Schipper failed to raise a genuine issue of material fact that it gave American notice of rescis-

sion, one of the prerequisites for maintaining a rescission action. We affirm.

## I

[¶ 2] American is a sugar beet processing company. In 1998 and 1999, American used a bidding process to hire Schipper, an earth moving company, to perform maintenance work and dirt moving for dikes in two large ponds at American's Drayton plant. For the "Condenser Pond," the parties contracted that Schipper would provide "up to" 67,000 cubic yards of dirt at $3.25 per cubic yard to build up the dikes. The contract for the "Mud Pond" called for the same pricing as the Condenser Pond, but Schipper was to provide "up to" 85,600 cubic yards of dirt to build up the dikes.

[¶ 3] After completing the Condenser Pond, Schipper submitted to American a request for payment of $146,250 for 45,000 cubic yards of dirt. American paid the amount, but subsequently learned Schipper had moved only 30,315 cubic yards of dirt. Schipper sent American invoices for moving 50,000 cubic yards of dirt for the Mud Pond, but American subsequently learned Schipper had moved only 39,600 cubic yards of dirt. American determined it owed Schipper $45,601.63, which accounted for the amounts already paid to Schipper for the Mud Pond and the overpayment for the Condenser Pond. In February 2001, Schipper sent a final billing to American requesting $208,963.49 based on the time and materials spent on the projects. American refused to pay.

[¶ 4] In October 2005, Schipper sued American seeking the money it claimed was owing for the work completed on the projects. Schipper ultimately sought compensation based on theories of breach of contract and, in the alternative, quantum meruit following a rescission at law of the contracts. The district court granted partial summary judgment dismissing the quantum meruit claim and rejected Schipper's construction of the contracts, but concluded Schipper was entitled to be reimbursed on a cost-per-unit basis and conducted a trial on damages. Following the trial, the court awarded Schipper $45,601.63 plus prejudgment interest and costs. The court ruled summary judgment was appropriate on the quantum meruit action because Schipper had failed to meet the prerequisites for a claim of rescission at law. The court concluded Schipper produced no evidence it had rescinded the contracts or acted promptly to rescind.

## II

[¶ 5] Schipper argues the district court erred in ruling as a matter of law that it failed to satisfy the prerequisites for rescission at law of a contract.

[¶ 6] We summarized the principles governing appellate review of summary judgments in *Alerus Fin., N.A. v. Western State Bank*, 2008 ND 104, ¶¶ 16–17, 750 N.W.2d 412:

"Summary judgment under N.D.R.Civ.P. 56(c) is a procedural device for the prompt and expeditious disposition of any action without a trial 'if either litigant is entitled to judgment as a matter of law and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes will not alter the result.' *Duemeland v. Norback*, 2003 ND 1, ¶ 8, 655 N.W.2d 76 (citing *Wahl v. Country Mut. Ins. Co.*, 2002 ND 42, ¶ 6, 640 N.W.2d 689). Whether the district court properly granted a summary judgment motion 'is a question of law that we review de novo on the record.' *Trinity Hosps. v. Mattson*, 2006 ND 231, ¶ 10, 723 N.W.2d 684.

" 'The party moving for summary judgment must show ... no genuine

issues of material fact [exist] and the case is appropriate for judgment as a matter of law.' *Id.* 'In determining whether summary judgment was appropriately granted, we ... view the evidence in the light most favorable to the party opposing the motion,' giving that party 'the benefit of all favorable inferences which can reasonably be drawn from the record.' *Hasper v. Center Mut. Ins. Co.*, 2006 ND 220, ¶ 5, 723 N.W.2d 409. However, '[u]nder N.D.R.Civ.P. 56, if the movant meets its initial burden of showing the absence of a genuine issue of material fact, the party opposing the motion may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact.' *Riemers v. Grand Forks Herald*, 2004 ND 192, ¶ 4, 688 N.W.2d 167."

▓▓▓ [¶ 7] A plaintiff may rescind a contract by bringing "a claim in equity to cancel the contract under N.D.C.C. § 32–04–21" or by bringing "an action at law based upon an election to rescind and offer to restore under N.D.C.C. § 9–09–04." *Murphy v. Murphy*, 1999 ND 118, ¶ 13, 595 N.W.2d 571. Schipper sought legal, rather than equitable, rescission of the two contracts. A plaintiff who brings an action at law to rescind a contract must strictly comply with the requirements of N.D.C.C. § 9–09–04 by giving the defendant notice of the rescission and by promptly making an offer to restore the preceding status quo. *See Industrial Comm'n v. Noack*, 2006 ND 195, ¶ 16, 721 N.W.2d 698; *Murphy*, at ¶ 13. Section 9–09–04, N.D.C.C., provides:

"Rescission, when not effected by consent or pursuant to sections 9–08–08 and 9–08–09, can be accomplished only by the use, on the part of the party rescind-ing, of reasonable diligence to comply with the following rules:

1. The party rescinding shall rescind promptly upon discovering the facts which entitle that party to rescind, if that party is free from duress, menace, undue influence, or disability and is aware of that party's right to rescind; and

2. The party rescinding shall restore to the other party everything of value which the party rescinding has received from the other party under the contract or must offer to restore the same upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

Summary judgment dismissal of a rescission action is proper if the plaintiff fails to present evidence that the requirements of N.D.C.C. § 9–09–04 have been satisfied. *See Swenson v. Raumin*, 1998 ND 150, ¶ 21, 583 N.W.2d 102.

▓▓▓ [¶ 8] A notice of rescission must be clear, unambiguous and unequivocal. *See, e.g., Purnell v. Atkinson*, 248 Ark. 401, 451 S.W.2d 734, 736 (1970); *Patterson v. Amundson*, 201 Or.App. 486, 119 P.3d 264, 271 (2005); 17A Am.Jur.2d *Contracts* § 568 (2004), and cases collected therein. In *Patterson*, at 271, the court explained:

"An attempted rescission is ineffective unless the other party to the contract is given notice of the rescission. *Stovall v. Publishers Paper Co.*, 284 Or. 53, 57, 584 P.2d 1375 (1978). '[A] notice of the rescission or termination of a contract, to be effective as such, must be clear and unambiguous, conveying an unquestionable purpose to insist on the rescission.... [A] notice of re[s]cission must be not only unequivocal but unconditional.' *Id.* (internal quotation marks omitted). Even if a notice of rescission is sufficient, '[w]here the conduct of one

having the right to rescind a contract is ambiguous, and it is not clear whether he has rescinded it or not, he will be deemed not to have done so.' *Id.* at 62, 584 P.2d 1375 (internal quotation marks omitted)."

[¶ 9] Schipper relies on two letters it sent to American as constituting notices of rescission. The first letter was sent on January 11, 2000, to provide "some information on the Drayton dike project we worked on this summer" and to inform American the project is complete "except seeding which will be done this spring." The letter provided information about the hauling and placement of black dirt and a riprap shelf. Enclosed was information on "equipment with dates and hours worked on this project . . . to show what this project would be on a hourly basis." The letter closes, "[l]et me know what else you need." Schipper continued working on the Mud Pond project after this letter was sent.

[¶ 10] The second letter was sent on February 20, 2001, and requests $208,963.49 as the "final billing on dike building projects Phase I and Phase II." The letter expresses Schipper's dissatisfaction because "[q]uantities on both phases [of the project] were grossly misrepresented" and states it "would not have entered into a Phase II contract at the same price had [it] known what quantities were in Phase I or what they would actually be in Phase II." The letter provides a list of additional work required for the project which was "included in the single unit price" and states, "[t]he only way [Schipper] get[s] compensated correctly on these items is to have a targeted volume."

[¶ 11] The January 11, 2000, letter and the February 20, 2001, letter do not convey a clear, unambiguous and unequivocal intention to rescind the contracts. We agree with the district court's analysis:

"The first letter is devoted toward the status of the project, measurement of the dikes, paperwork, when further work was set to begin, and employee hours. The tone is routine and businesslike. The second letter characterizes itself as a 'final billing on dike building projects Phase I and Phase II.' It states the quantities on both phases were grossly misrepresented and that [Schipper] deserved 'to be compensated equitably for our work.' The letter goes on to list equipment and hours worked for each phase. It is rather bizarre to include itemized billings in a letter which purportedly 'rescinds' the contract. A fair reading of these letters reveals neither can be possibly construed as a rescission."

[¶ 12] Issues of fact may become issues of law if "reasonable persons could reach only one conclusion from the facts." *Heng v. Rotech Med. Corp.*, 2004 ND 204, ¶ 10, 688 N.W.2d 389. Reasonable persons could not conclude that either letter constituted a notice of rescission. We conclude the district court did not err in granting summary judgment dismissal of Schipper's quantum meruit claim based on a rescission at law of the contracts.

III

[¶ 13] Because we conclude Schipper failed to raise a genuine issue of material fact whether it gave American notice of rescission, it is unnecessary to address the other issues raised. The judgment is affirmed.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.